242 So.2d 791 (1970)
STATE of Florida, Appellant,
v.
John Ordway CLARKE, Alfred L. Deptula, Barbara L. Homberger, Judith Englehardt Pickeral, Jana Rankin, William T. Tyson, Larry Eugene Van Horn and Harry Thomas Waters, Jr., Appellees.
No. 70-382.
District Court of Appeal of Florida, Fourth District.
November 6, 1970.
Rehearing Denied January 28, 1971.
*792 Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellant.
Louis R. Bowen, Jr., Public Defender, and William C. Gridley, Asst. Public Defender, Orlando, for appellee John Ordway Clarke.
James C. Dauksch, Jr., Orlando, for appellee Alfred L. Deptula.
Alexander C. Mackinnon, Orlando, for appellee Barbara L. Homberger.
Peter M. deManio, Orlando, for appellee Judith E. Pickeral.
Andrew Welch, Orlando, for appellee William T. Tyson.
F. Hartselle Baker, Orlando, for appellee Larry Eugene Van Horn.
Michael Sigman, Orlando, for appellee Harry Thomas Waters, Jr.
CROSS, Chief Judge.
This is an interlocutory appeal by the State of Florida from an order of the trial court suppressing evidence in a criminal proceeding against the appellees charged by information with possession of marijuana and barbiturates. We reverse.
On the evening of November 22, 1969, the manager of an apartment complex telephoned the police department of the City of Orlando and requested that an officer be sent to investigate possible illegal use of drugs in one of the apartments. After a brief telephone discussion with the apartment manager, two officers of the vice squad proceeded to the apartment complex.
*793 Upon arriving at the apartment complex the police sergeant ascended the outside fire escape, which served as a common escape route for tenants on the second floor of the apartment complex, and assumed a position outside a window of the apartment in question. The other officer ascended the inside staircase and assumed a position outside the apartment in a common hallway on the second floor of the apartment complex. From his position on the fire escape the police sergeant observed through the window of the apartment the appellees, two of whom he recognized as prior drug violators and one of whom had in his hand a hypodermic syringe. The sergeant also observed on a table a clear plastic bag containing what he believed to be marijuana and a number of spoons containing a white powder thought by the sergeant to be barbiturates or drugs being prepared for injection.
The sergeant then descended the fire escape and joined the other officer in the hallway, at which time the two officers entered the apartment without knocking and without announcement of authority or purpose. The appellees were thereupon arrested and the contraband seized.
Thereafter by motion the appellees moved to suppress the evidence obtained as the result of the seizure. The trial court granted the motion and suppressed the evidence. Hence this appeal by the state.
First for our determination is whether or not there was an actual intrusion into a constitutionally protected area by peering in at the window. A person has a right to have his own home or residence reasonably secure from invasion, visual or otherwise, by the police or anyone else.
The law of search and seizure is no longer governed by the doctrine of curtilage. It is people who are protected, not simply areas. Katz v. United States, 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. And what constitutes an unreasonable invasion varies with the character of the residence as was stated in Ponce v. Craven, 9 Cir.1969, 409 F.2d 621:
"The occupant of a motel room is entitled to the same protections as the owner of a house against unreasonable searches and seizures. * * * However, the very nature of a motel residency distinguishes the scope of that protection from that possessed by a person in his own house. As the court stated in Marullo v. United States, 328 F.2d 361, 363 (5 Cir. 1964):
"`A private home is quite different from a place of business or from a motel cabin. A home owner or tenant has the exclusive enjoyment of his home, his garage, his barn or other buildings, and also the area under his home. But a transient occupant of a motel must share corridors, sidewalks, yards, and trees with other occupants. Granted that a tenant has standing to protect the room he occupies, there is nevertheless an element of public or shared property in motel surroundings that is entirely lacking in the enjoyment of one's home.'"
To observe that which is open to view is not generally considered a "search". Miller v. United States, 5 Cir.1966, 356 F.2d 63. Objects which fall within plain view of a police officer are subject to seizure and may be introduced into evidence. Harris v. United States, 1968, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067. The major consideration in applying this rule is whether the observing officer had a right to be in the position to have that view. United States v. Davis, 5 Cir.1970, 423 F.2d 974.
In the case sub judice, the fire escape of the apartment complex was a common escape route for use by any persons. If the fire escape was not primarily in the control of the landlord, it was at least coextensively in his control with the tenants. By summoning the officers and remaining on the premises during the arrest, the apartment manager at least impliedly granted permission for the police sergeant to ascend *794 the fire escape, making his presence there legal and proper. People v. Hailstock, Crim.Ct.N.Y.City 1967, 54 Misc.2d 952, 283 N.Y.S.2d 492.
Since the fire escape was open to use by others, the occupants of the apartment in question had no reasonable right to expect any privacy with relation to what they did inside the window within easy view of any person on that fire escape. They had no yard surrounding the premises which they could reasonably expect to protect their windows from visual intrusions by strangers. Those inside the apartment must be held to an expectation that those using the common facilities of the building would come across the window and look inside.[1] Under these circumstances, looking in at the window can hardly be considered a "search". What the police sergeant lawfully observed through the window gave the officers the right and duty to arrest the persons inside without a warrant on grounds that they believed a felony was being committed and that the persons inside were committing it.[2]
We now turn to the issue of whether the lawfulness of the arrest was vitiated by the means used to enter the apartment.
Section 901.19(1), Florida Statutes, F.S.A., provides:
"An officer, in order to make an arrest either by virtue of a warrant, or when authorized to make such arrest for a felony without a warrant, may break open a door or window of any building in which the person to be arrested is or is reasonably believed to be, if he is refused admittance after he has announced his authority and purpose."
It is generally accepted that announcement and demand is not required where it would permit the destruction of evidence. 5 Am.Jur.2d, Arrests § 93; 4 Wharton's Criminal Law and Procedure § 1625. This has been the result in judicial decisions in a number of other states. E.g., People v. Maddox, 1956, 46 Cal.2d 301, 294 P.2d 6; State v. Christiana, 1966, 249 La. 247, 186 So.2d 580; Henson v. State, Md. App. 1964, 236 Md. 518, 204 A.2d 516; State v. Juliano, 1967, 97 N.J. Super. 28, 234 A.2d 236; People v. McIlwain, 1967, 28 A.D.2d 711, 281 N.Y.S.2d 218; Commonwealth v. Manduchi, 1964, 203 Pa.Super. 373, 198 A.2d 613.
In Ker v. California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, the United States Supreme Court stated that if state law allows unannounced entry because evidence could have easily been destroyed, it does not violate federal constitutional standards of reasonableness. At least twenty-six states have codified the common law rule prohibiting forcible entry in statutes similar to Florida Section 901.19(1).[3]
In Benefield v. State, Fla. 1964, 160 So.2d 706, the Florida Supreme Court, in an eloquent opinion by the late Justice Terrell, set forth four exceptions to the Florida "knock and announce" statute: (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) where the officer's *795 peril would have been increased had he demanded entrance and stated the purpose; or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted.
Since those judicial exceptions include only instances where activities indicate that destruction of evidence is then being attempted, they do not appear to cover the facts in the case at bar, where there was no reason to believe that evidence was being destroyed but only that it would be destroyed if the officers announced their presence. However, the court noted that "time and experience will no doubt suggest other exceptions." Benefield v. State, supra.
Time and experience have shown us that the small amounts of drugs usually involved in drug law violations may be easily flushed down a toilet or other drain, and that this is frequently done. The police sergeant in the case sub judice related three such arrests in his own experience where the suspects sought to dispose of evidence. Based on this experience and in order not to frustrate the purpose of the arrest and seizure, the police sergeant ordered that the apartment be entered without announcement and demand. Certainly compliance with the statute is not necessary where the arrest would be frustrated if the officer stated his purpose and demanded entrance. Suspects have no constitutional right to destroy or dispose of evidence, and no basic constitutional guaranties are violated because an officer succeeds in getting to a place where he is entitled to be more quickly than he would had he complied with the statute.
Where, as here, the evidence sought consists of relatively small amounts of contraband, and where a nearby bathroom or kitchen provides for easy disposal, it is not unreasonable for the officers to conclude that an attempt will be made to dispose of the evidence if they announce their presence to those inside the room and thus frustrate the purpose of the arrest and seizure. Unannounced entry under such circumstances is lawful and does not violate the constitutional rights of any person.
Accordingly, the order suppressing the evidence is reversed and the cause is remanded for further proceedings consistent with opinions herein expressed.
Reversed and remanded.
McCAIN, J., and FRYE, WILLIAM III, Associate Judge, concur.
NOTES
[1] Appellees rely on the cases of Brock v. United States, 5 Cir.1955, 223 F.2d 681, and Texas v. Gonzales, 5 Cir.1968, 388 F.2d 145, for the proposition that looking in at the window of a residence violates the privacy of the occupants. Those cases involved residences situated so that it was necessary to cross a portion of the yard surrounding the residence in order to look in any of the open windows. Under the circumstances, the occupants had a reasonable expectation that their activities inside the residence would remain private and out of the view of passersby. Where the windows abut on a way open to the public, however, such an expectation is not reasonable. If the occupants do not wish to be observed, they may draw their blinds or close the curtains. Ponce v. Craven, 9 Cir.1969, 409 F.2d 621.
[2] See Section 901.15, Florida Statutes, F.S.A.
[3] These are listed in Miller v. United States, 1958, 357 U.S. 301, 308, 78 S.Ct. 1190, 2 L.Ed.2d 1332, 1338 at footnote 8.