PER CURIAM.
Appellant, charged in a three-count information with (1) conspiracy to commit a felony, (2) sale of marijuana, and (3) possession of marijuana, was convicted and sentenced on all counts. On this appeal he assigns error only to the denial of his pretrial motion to suppress certain evidence, the denial of his motion for new trial, and the trial court’s transferring the cause to another division of the court for ruling on the pretrial motion to suppress.
The essential facts are as follows: Randy Burger was arrested by the West Palm Beach Police when he sold marijuana to an undercover officer. Burger named appellant and one Jimmy Rasimowicz as his source of supply. In cooperation with the police, Burger made a series of phone calls to the residence of appellant’s parents where appellant was staying while his parents were out of town on vacation. Officer Foster, listening to the calls on an ex *483 tension phone, learned that Rasimowicz had gone to Miami for another supply of marijuana and would return later in the day. Later that day Foster overheard arrangements made between Burger and Ras-imowicz to rendezvous for the purpose of enabling Burger to buy one-half pound of marijuana for $175. After being carefully searched, Burger was supplied with $175 in marked currency and released from custody. He went directly to the rendezvous with Rasimowicz, from where the two of them proceeded to the Earman residence, all under surveillance. They remained inside for a short period of time, following which Burger emerged alone. He drove away and was stopped within one block by the police who immediately searched him and found one-half pound of marijuana but none of the marked currency. Burger stated that while in the residence he had purchased the marijuana from Rasimowicz with appellant looking on. Det. Foster with other Officers immediately took Burger back to the residence where he entered a side door and called for Rasimo-wicz and appellant. In response to the call, appellant appeared on an upstairs landing, at which time Officer Foster and other members of the police, without either knocking or announcing their authority or purpose, rushed into the house. At least one of the officers had gun drawn and ordered appellant to stand still. Rasimowicz appeared briefly on the upstairs landing, then ran and made good an escape from the premises in spite of the fact that officers immediately went upstairs and made a search of the upstairs area. Appellant was placed under arrest and search but none of the marked money was found. After being advised of his rights appellant was taken into an upstairs bedroom where he signed a written consent to a search of the premises. After the consent had been signed, the officers found in the same bedroom in plain view on the bed where appellant had been seated, a large shoe box containing one-half pound of marijuana in plastic bags. At a hearing on appellant’s pretrial motion to suppress this evidence, appellant testified (and parenthetically, so testified at the trial in his own defense) that he did not know the marijuana was there, that he had never seen the shoe box full of marijuana nor known of its presence in the house prior to the time it was seized by the officers, that he had never possessed nor sold marijuana to Randy Burger or anyone else, and in fact had never seen Randy Burger until the moment the latter was in the house calling to him immediately prior to the time the police officers came in.
In support of his contention that the court erred in denial of his pretrial motion to suppress the evidence, appellant has set forth in the brief numerous reasons why the motion should have been granted. Although we conclude that the court did not err in denying the motion to suppress, some of the assertions of appellant in support of this point require brief comment.
Appellant first contends that the police use of an informant to purchase the marijuana under the circumstances we have described constituted entrapment as a matter of law. This contention is without merit. In the first place, the defense of entrapment presupposes that the accused committed the offense charged, and such a defense is totally unavailable to the one who denies any participation in the criminal act. Pearson v. State, Fla.App.1969, 221 So.2d 760. Furthermore, even if the defense of entrapment had been available to appellant, under the evidence adduced at the hearing on the motion to suppress the issue would have been a question for the jury and not for the court as a matter of law. See State v. Rouse, Fla.App.1970, 239 So.2d 79.
Appellant next contends that his written consent to the officers making a search of the premises was not obtained voluntarily. The question of the voluntariness of the consent was one for the trial court and his determination adverse to appellant will not be disturbed by us unless shown to be clearly erroneous. James v. State, Fla.App.1969, 223 So.2d 52. More *484 over, appellant’s own testimony at the hearing on the motion to suppress refutes any thought that the consent was not voluntary on his part as he stated in essence that as far as he knew there was nothing to hide and he felt that by signing the consent to search the officers “would go away if they didn’t find anything”.
Finally, appellant contends that since there was neither probable cause for the officers to make an arrest without a warrant, nor compliance with the “knock and announce” requirements of F.S. section 901.19(1), F.S.A., the arrest was illegal and hence any evidence seized on the premises became inadmissible. The evidence here was seized pursuant to a consent search rather than as a search incident to an arrest. Thus, such evidence is not rendered inadmissible merely because of some infirmity or illegality in the arrest. James v. State, Fla.1955, 80 So.2d 699.[1] Nonetheless, we conclude (upon a review of the facts known to the arresting officers prior to the actual time of the arrest) that there was a valid basis for the trial court to find that there existed probable cause to arrest, as defined by us in State v. Profera, Fla.App.1970, 239 So.2d 867, and that the officers’ failure to comply with the statutory requirements of F.S. section 901.19(1), F.S.A., comes within the exception announced by this court in the case of State v. Clarke, Fla.App.1970, 242 So.2d 791, i. e., that the arresting officers could reasonably fear that the evidence would be destroyed had they delayed their entrance in order to comply with the statute. We recognize that we apply the Clarke exception here as a matter of law since none of the officers expressly testified that they entertained a concern that the evidence might be destroyed.
The hearing on appellant’s pretrial motion to suppress was held before Judge Russell H. McIntosh, but prior to ruling thereon the cause was transferred to Judge Vaughn Rudnick who thereafter, on the basis of a transcript of the testimony at the hearing, and the memorandums submitted by counsel, entered an order denying the motion to suppress. Appellant asserts that this procedure constituted reversible error. We do not condone this procedure and suggest that the better practice would be, in those instances where a successor judge must weigh and compare the testimony of witnesses whom he did not see or hear in order to decide a pretrial motion (absent a stipulation of record that the successor judge may make factual findings on the basis of the transcribed testimony), to hold a hearing de novo. This would certainly be the case if the matter heard was the trial on the merits. Bradford v. Foundation & Marine Construction Co., Inc., Fla.App.1966, 182 So.2d 447. In the instant case, however, appellant did not at anytime make known to the trial court any objection to the procedure nor does the record disclose that at anytime before or after the successor judge ruled on the motion to suppress did appellant request a de novo hearing. Be that as it may, if error occurred we believe it harmless in this case. The successor judge who denied the motion to suppress was the judge who presided at the jury trial on the merits. At the jury trial, appellant objected to the introduction of the evidence on the grounds among others, that the arresting officers did not have probable cause to arrest without a warrant. The testimony at trial on this issue was essentially identical to that at the motion to suppress and the court ruled that it found probable cause, overruling the objection to the evidence. We conclude that the transfer of this cause to a successor judge for ruling on the motion to suppress does not present reversible error.
Appellant’s final point is that the court erred in denying his motion for a new trial. We find no reversible error in this respect.
Appellant testified in his own behalf and had the jury accepted his version of the *485 facts it would necessarily have exonerated him. Unfortunately for appellant the jury chose to believe the state’s evidence against him, and the record contains sufficient competent and substantial evidence to sustain the conviction and judgment here appealed. No showing of reversible error having been made, the judgment must be affirmed.
Affirmed.
WALDEN and OWEN, JJ., concur.
MAGER, J., concurs as to conclusion only.

. For contra view see cases collected in annotation, 9 A.L.R.3d 858, at 886.