PER CURIAM.
A petition of delinquency was filed wherein the appellant was charged with (1) resisting arrest, (2) possession of marijuana, (3) possession of a stolen vehicle, and (4) buying, receiving and concealing stolen property. Respondent-appellant entered a plea of denial and a trial was held. The juvenile court judge dismissed charges 1, 3 and 4 and cited hereinabove. Appellant’s motion for judgment of acquittal as to the possession of marijuana was denied, and thereupon appellant was adjudicated a delinquent child and placed temporarily in the custody of his mother under the supervision of the Division of Youth Services. This appeal followed.
Respondent-appellant contends the trial court erred in admitting into evidence the seized marijuana and in denying his motion for judgment of acquittal in that the failure to introduce the arrest warrant, pursuant to which respondent was arrested, constituted a failure to establish probable cause for the arrest thus invalidating the subsequent search and seizure of the marijuana introduced at the trial.
This appeal presents one of those rare instances in which the state confesses error in that it admits it failed in its burden of establishing the validity of the arrest upon this challenge being raised by the respondent-appellant. See Earman v. State, Fla.1972, 265 So.2d 695. Thus, there being a total absence of evidence with respect thereto, the entry was illegal and the marijuana seized as a result of the search was inadmissable since it was obtained illegally. *203 See Earman v. State, supra and Moreno v. State, Fla.App.1973, 277 So.2d 81. Accordingly, we find that the juvenile court judge erred in failing to suppress the marijuana seized as a result of an invalidly effectuated arrest. Therefore, the adjudication of delinquency is reversed.
Reversed.