368 So.2d 893 (1979)
Sandra McMillan BERRYMAN, James Michael Murray and Harry William Berryman, III, Appellants,
v.
STATE of Florida, Appellee.
No. 78-180.
District Court of Appeal of Florida, Fourth District.
February 21, 1979.
Rehearing Denied April 18, 1979.
*894 Robert L. Saylor of Saylor & Ingalsbe, North Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, Robert L. Bogen, Asst. Atty. Gen. and Kenneth G. Spillias, Legal Intern, West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellants were charged with violations of the State drug abuse laws. When their motion to suppress was denied they pleaded nolo contendere, reserving the right to appeal, and were duly sentenced. We have then for consideration the propriety of the trial court's order denying the motion to suppress.
Appellants initially attack the search warrant for failure to properly designate the residence to be searched. We reject that contention.
The second point raises the alleged violation of Section 933.09, Florida Statutes (1977), by the police officer in serving the search warrant. Said section provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
It appears that the Palm Beach County Sheriff's Department had staked out appellant's premises and conducted surveillance for several weeks. A great deal of suspicious activity appeared to be taking place with frequent vehicular traffic to and from the residence, people entering the house and leaving again shortly thereafter.
On the date in question sheriff's deputies, armed with a search warrant to search for "illegal narcotics and/or dangerous drugs" appeared at the front door of the residence. The police had no knowledge or even a suspicion regarding the quantity or type of drugs they suspected were being kept on the premises. In seeking entrance to the premises they failed to comply with the mandate of the statute which requires giving due notice of their authority and purpose. They knocked once, received no response, then announced, "police," knocked again and received no response. The officer then opened the door which turned out to be unlocked and said, "Police  anyone here?" Receiving no response, he stepped inside and met one of the appellants coming to the door.
During the suppression hearing one of the officers testified that he opened the door and did not wait any longer because he feared the contraband might possibly be destroyed. However, it is clear from the entire transcript that none of the officers had any knowledge of the amount of narcotics *895 involved. In fact, the prosecutor summed up his argument by stating to the trial court:
"... According to Agent Carroll's[1] testimony he didn't know what quantity of drugs was involved or what the quality of those drugs was, how they were packaged, how they were hidden. He had to take precaution in order to preserve that evidence and he rightfully instructed those agents who were charged with the responsibility of executing that warrant to be careful about the method of execution of that warrant."
The police in this case knew from their experience that where a small amount of narcotics is involved it is a simple matter to dispose thereof while the police are "knocking and announcing", but their experience is all they relied upon. This residence could have contained a ton of marijuana for aught they knew.
If the search and seizure in this case is deemed to be valid it would appear to us we have effectively eliminated the statutory requirement that the police must give due notice of their purpose and authority and be denied admission before entering a private residence to serve a search warrant[2] where the contraband involved is narcotics unless they have reason to believe that the quantity is very large.
As we understand the current law on the question of when police are justified in believing that there will be an attempt to destroy evidence, the Benefield-Clarke[3] exceptions, infra, engrafted on Section 933.09, Florida Statutes (1977), do not authorize an intrusion into a residence to serve a search warrant without complying with Section 933.09, unless the police "had reason to fear at the time of entry the destruction of evidence."[4] Unquestionably, that means the police must have some facts pertaining to the case at hand which would reasonably cause such apprehension.
Unlike the case at bar, in State v. Clarke, 242 So.2d 791 (Fla. 4th DCA 1970), the police had viewed the small amount of narcotics and other contraband from a fire escape; hence, they had good reason to fear destruction of the evidence if there were any delay in making their entry. Therefore, the officers were justified in entering without knocking and announcing their authority and purpose. The Clarke exception was approved by the Supreme Court in State v. Kelly, 287 So.2d 13 (Fla. 1973), because the facts in Clarke fit within the fourth Benefield exception.[5]
Contrawise, in Benefield, the conviction was reversed because the court found that the contraband, three thousand dollars in small bills, was not so readily disposable as to warrant intrusion without knocking and announcing as required by the statute.
In Earman v. State, 265 So.2d 695 (Fla. 1972), the Supreme Court reversed a conviction based upon evidence garnered by entry without compliance with Section 933.09 and absent any circumstances which would constitute an exception under Benefield. With reference to the exigency of the circumstances as they pertain to anticipated destruction of the evidence if notice of the proposed entry is given the Supreme Court said:
An appellate court is not justified in concluding there was such an exception as a matter of law when the record is devoid of any testimony by police officers or other competent evidence showing they had reason to fear at time of entry the destruction of evidence. Once Earman challenged his arrest, the burden of proving its validity as a predicate for the lawful admission of the seized marijuana *896 in evidence, was upon the State. Urquart v. State, Fla.App., 211 So.2d 79, supra. Essential to such proof in this case is testimony by the arresting officers or other competent evidence that they had reasonable grounds to believe the marijuana within the house would be immediately destroyed if they announced their presence. Absent such evidence, the fruits of any search conducted pursuant to such arrest must be considered illegally obtained. 265 So.2d at 697.
In State v. Kelly, supra, the appellate court affirmed an order suppressing evidence because the police violated the knock and announce statute. The Supreme Court of Florida reversed and directed the District Court of Appeal to remand the cause to the trial court so that it could "determine whether there existed `good reason to fear at time of entry the destruction of evidence.'" The Supreme Court noted that the trial and appellate courts had failed to consider the Clarke exceptions.
In view of the foregoing, we conclude that there are three hypothetical situations in which the police might be called upon to consider the applicability of Section 933.09, Florida Statutes (1977) vis a vis the fourth Benefield exception involving destruction of evidence. First, the Clarke situation in which the police have knowledge or a reasonably grounded suspicion that the quantity and nature of the contraband and the circumstances surrounding its possession are such as to make it readily disposable. Second, the Benefield situation in which the police have knowledge or a reasonably grounded suspicion that the quantity or nature of the contraband is not readily disposable. Thirdly, the situation in the case at bar where the police do not know and do not have a reasonably founded suspicion that the quantity and nature of the contraband is readily disposable. It is only in the first situation that the police are justified under that exception in not complying fully with Section 933.09.
In the case at bar the destruction of evidence exception is negated by the State's own admission. The police had no "reason to fear at the time of entry the destruction of evidence."[6] That being the case, the entry, the search and the seizure were unlawful and the evidence thereby uncovered should have been suppressed.
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded for further proceedings consistent herewith.
BERANEK, J., concurs specially.
CROSS, J., dissents without opinion.
BERANEK, Judge, specially concurring.
I concur in the foregoing opinion but wish to point out that this case should have very limited application. Here, the State secured a search warrant and the sufficiency of the matters supporting the warrant is not raised on appeal. Although the police had surveilled the premises for a number of weeks and obtained a warrant to search for "illegal narcotics and/or dangerous drugs," they had absolutely no idea of the amount, or the nature of the substances being sought. They did not know whether they were looking for a ton of marijuana or an ounce of heroin. It is somewhat anomalous to have a situation where after securing of a warrant, police are required to serve same without having the slightest idea what they are looking for. Under these circumstances the officers serving a warrant must indeed comply with all requirements of the knock and announce statute.
In this particular case the intrusion on the rights of the defendant was slight. The officer peacefully stepped across the threshold of an unlocked door after having received no answer. The only deviation from the statute was the failure to announce the purpose for which he was there and the refusal of admittance. However, if we were to affirm the search herein, it would allow total disregard for all requirements of the knock and announce statute in future situations where a warrant could be secured *897 and the police had only a general idea what they were looking for. The Benefield and Clarke cases cited above are exceptions to all requirements of the statute and not merely exceptions to the "announcement" part of the statute. It is not and should not be the law of this State that police may obtain a warrant and then based on their lack of knowledge proceed in gang busters' fashion to break down doors and enter homes totally without warning to seize whatever they can find. The conduct of the police here was not of this nature, but the danger of a precedent to this effect is what convinces me the majority opinion is indeed correct.
NOTES
[1] Agent Carroll was in charge of the mission.
[2] Section 933.09, Florida Statutes (1977).
[3] Benefield v. State, 160 So.2d 706 (Fla. 1964); State v. Clarke, 242 So.2d 791 (Fla. 4th DCA 1970).
[4] Earman v. State, 265 So.2d 695 (Fla. 1972).
[5] Benefield v. State, 160 So.2d 706, 710 (Fla. 1964), "... (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted."
[6] Earman v. State, 265 So.2d 695 (Fla. 1972).