372 So.2d 536 (1979)
STATE of Florida, Appellant,
v.
Nancy Ann JOHNSON, Appellee.
No. 78-2608.
District Court of Appeal of Florida, Fourth District.
June 29, 1979.
David H. Bludworth, State's Atty., and Debra E. Pole, Asst. State's Atty., West Palm Beach, for appellant.
Ronald E. Jones, West Palm Beach, for appellee.
MOORE, Judge.
The State seeks reversal of an order granting appellee's motion to suppress evidence obtained pursuant to execution of a search warrant. We reverse.
Appellee's motion to suppress evidence was grounded upon an alleged violation of Section 901.19 and Section 933.09, Florida Statutes (1977)[1] which require law enforcement officers to announce their authority and purpose prior to breaking into any premises. If such access is denied, they are then authorized to use all necessary and reasonable force in gaining such access.
At approximately 4:00 o'clock A.M., pursuant to a search warrant, six police officers surrounded appellee's second story apartment.[2] Two of the officers, armed with sledge hammers, stationed themselves at the front door while a third officer provided protection. Another officer was assigned to turn off the water to the apartment while the remaining two officers were stationing a truck (a cherry picker), equipped with a crane and bucket, at the rear of the apartment. One officer was raised in the bucket to the level of the bathroom window. His function was to "secure" the bathroom in order to avoid the *537 destruction of any evidence. As soon as he was in position, the officers at the front door commenced to enter the apartment by means of hammering in the door. At no time prior to hammering the door did any one of the officers knock and announce his authority and purpose. They did, however, announce the fact that they were police officers as they were proceeding to hammer in the front door. The appellee, who had been asleep in the apartment, immediately ran to the bathroom and threw a quantity of cocaine into the toilet. Her efforts to flush the toilet were thwarted by the officer in the cherry picker, who held her at bay through the use of a long pole. Nineteen "decks" of cocaine were subsequently retrieved from the toilet.
In discussing Section 901.19(1), the Florida Supreme Court, in Benefield v. State, 160 So.2d 706 (Fla. 1964), developed four exceptions to the knock and announce requirement: (1) where the person within already knows of the officers' authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose, and (4) where those within are made aware of the presence of someone outside and are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted. It is generally recognized that absent one of these exceptions, the failure to knock and announce mandates suppression of any evidence so obtained. State v. Kelly, 287 So.2d 13 (Fla. 1973). The fourth exception in Benefield, supra, was expanded by this Court in State v. Clarke, 242 So.2d 791 (Fla. 4th DCA 1971), cert. den. 246 So.2d 112 (Fla. 1971), which held that the police may enter unannounced, not only when they are aware of an attempt to destroy evidence, but also where the facts show reasonable grounds to fear destruction of the evidence. See also Earman v. State, 265 So.2d 695 (Fla. 1972).
The search warrant in the instant case was founded upon an affidavit which recited two recent controlled buys of cocaine from the suspect at the subject residence. Upon completion of the second "buy", the suspect stated, "Here it is. I've got plenty more. Come back whenever you want it." There is no contention that probable cause for the issuance of the search warrant was lacking. The sole contention is the manner in which the warrant was executed. Approximately five months prior to the issuance of the search warrant, the same residence was the subject of another search warrant, at which time the appellee was then arrested for possession of marijuana and narcotics paraphernalia. During the execution of that warrant, one of the officers testified that after having announced their authority and purpose, the officers were thwarted in their attempts to obtain additional contraband because allegedly it had been flushed down the toilet. The officer heard the toilet "running" before being granted entrance. On that occasion, the appellee stated to the officers: "You'll never get me. I'm too slick." The same officer also testified that because of the way in which the entrance door was constructed and the type of locks utilized on the door, there was additional time for an occupant to destroy evidence before entry could be obtained. It was therefore necessary to proceed in the manner described above. The modus operandi of executing the search warrant in the instant case was described to, and orally approved by, the judge who signed the warrant. We feel it is preferable, although not now required, that a transcript of such proceedings before the approving judge be made a part of the record whenever such methods of execution are deemed appropriate.
The action of the police officers in failing to knock and announce was proper. The officers knew what they were looking for, the amount of contraband involved was small, there were readily accessible means of disposing of the contraband, and based upon previous experience and the construction of the facilities, the officers had reasonable grounds to fear the destruction of the evidence if they were to knock and announce their authority and purpose. The *538 facts in this case clearly fall within the exception of Clarke, supra.
We are not unmindful of our recent decision in Berryman v. State, 368 So.2d 893 (Fla. 4th DCA 1979). There, however, it was noted that the police had no knowledge or even a suspicion regarding the quantity or type of drug present. Appellee's reliance on Berryman is therefore misplaced.
The order granting the motion to suppress the evidence in the instant case is reversed and this cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DOWNEY, C.J., and CROSS, J., concur.
NOTES
[1] § 901.19(1) "If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be."

§ 933.09 "The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein."
[2] Another group of police officers simultaneously commenced execution of a search warrant at another apartment in the same complex.