379 So.2d 1043 (1980)
Robert James HUNSUCKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. OO-424.
District Court of Appeal of Florida, First District.
February 20, 1980.
Michael J. Minerva, Public Defender, and Thomas S. Keith, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
An appeal from a judgment of guilt for possession of marijuana exceeding five grams. The trial court erred in denying appellant's motion to suppress the incriminating evidence found in appellant's home when officers executed a search warrant for drugs. The first officer to enter explained that he did not knock and announce his authority and purpose because of the possibility that the evidence he sought would be destroyed by the occupants. The officer estimated that evidence had been destroyed in half the instances in which he complied with Section 933.09, Florida Statutes (1979), before entering. The officer also thought that persons standing in the yard might alert those inside, although they did not. The entry was unlawful and the motion to suppress should have been granted. Kistner v. State, 379 So.2d 128 (Fla. 1st DCA 1979); Benefield v. State, 160 So.2d 706 *1044 (Fla. 1964); Earman v. State, 265 So.2d 695 (Fla. 1972); Berryman v. State, 368 So.2d 893 (Fla. 4th DCA 1979). Even if there were articulable reasons to believe that the occupants were disposed to destroy contraband in such circumstances, the officer had no knowledge of the amount of contraband he was to search for and seize. His fear that the contraband would be destroyed in the time required to knock and announce was uninformed and therefore unjustified.
REVERSED.
LARRY G. SMITH and WENTWORTH, JJ., concur.