ERVIN, Chief Judge
concurring and dissenting.
Appellants-defendants appeal from convictions imposed for possession of heroin and cocaine, and trafficking in the same substances. They entered pleas of nolo contendere to those offenses, reserving their rights to appeal the denial of their motions to suppress the evidence seized, alleging (1) a violation of Section 933.09, Florida Statutes (1981), the knock and announce statute, and (2) a violation of the Eighth Amendment to the United States Constitution proscribing cruel and unusual punishment, by reason of section 893.135’s requirement of mandatory minimum sentences. I agree with their contentions as to the first point and would reverse the convictions and remand with directions that the motions to suppress be granted. I would otherwise uphold the sanctions provided in section 893.135.
The drugs which formed the basis of the charges against appellants were seized from an apartment which they occupied during a search pursuant to a warrant. The search warrant in turn relied upon an affidavit from a confidential informant who had alleged that within the past 20 days he had purchased heroin and cocaine from the premises sought to be searched. One of the officers at the suppression hearing testified that the informant had advised him that the illegal substances were contained in small individual packages, numbering from 30 to 45. The searching officer was also aware from his own prior experience that substances such as cocaine and heroin have often been destroyed either by flushing them down the toilet or by applying muriatic acid to them.
Armed with the search warrant and possessing the above information, and upon approaching the apartment to execute the warrant, the officer noticed that the front door to the apartment was open and he was then able to see through the closed screen door appellant Bouknight and two children in the front room. Although he did not observe Ms. Bouknight make any furtive gestures or efforts to destroy the drugs subsequently found inside the apartment, he failed to knock and announce his authority and purpose, until he opened the screen door, stating “police”, whereupon he entered the house.
These facts represent a prima facie violation of the knock and announce statute, unless of course the officer’s entrance can be said to come within any of the recognized exceptions to the statute. One such exception is the searching officer’s reasonable apprehension at the time of entry that, if he complied with the law, relatively small amounts of disposable contraband would be destroyed. See State v. Kelly, 287 So.2d 13 (Fla.1974). Kelly, however, should not be interpreted as granting unlimited authority to an officer to enter without knocking simply because he fears that contraband may be disposed of if he delays his entry for such a short period of time necessary to comply with the statute. The reasonableness of the officer’s fear must be judged by the facts which were apparent to him at the time of his entry, and those facts must relate to the particular ease — not some generalized experience the officer may be aware of. See, e.g., Berryman v. State, 368 So.2d 893, 895 (Fla.4th DCA 1979); Hunsucker v. State, 379 So.2d 1043 (Fla. 1st DCA 1980). In the latter case, we held that the trial court erred in denying appellant’s motion to suppress, despite the searching officer’s esti *440 mate that evidence had previously been destroyed in half of the instances in which he had complied with the knock and announce statute before entering.
Florida case law clearly establishes that compliance with the provisions of section 933.09 must be strictly adhered to and exceptions to the statute be strictly construed. See, e.g. Benefield v. State, 160 So.2d 706 (Fla.1964); Earman v. State, 265 So.2d 695 (Fla.1972); Hunsucker v. State; Hurt v. State, 388 So.2d 281 (Fla. 1st DCA 1980), petition for review denied, 399 So.2d 1146 (Fla.1981); State v. Drowne, 436 So.2d 916 (Fla.4th DCA 1983).
It is true that the officer in the case at bar did have specific facts at the time of entry as to the potential amount of narcotics involved — 30-45 individual packets. Nevertheless, these facts must be balanced against those which were apparent to him as he approached the apartment; his view of appellant Bouknight and two children in the front room, and the absence of any efforts made by them to destroy evidence. Given the above facts, I consider the officer’s fear of destruction — a fear which caused him to enter without complying with the statute for the few additional seconds necessary to knock, announce his authority and purpose — unreasonable, thus requiring reversal of the convictions.
I concur in the majority’s affirmance as to the second point raised, urging that the imposition of mandatory minimum sentences as provided in Section 893.135, Florida Statutes, is violative of the Eighth Amendment to the United States Constitution, as cruel and unusual punishment. I consider this argument has been adversely decided to appellant’s position by the Florida Supreme Court in State v. Benitez, 395 So.2d 514 (Fla.1981). Nor do I believe that the United States Supreme Court opinion in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), requires a contrary result because of the obviously distinguishable facts existing in that case as opposed to those in the present.