554 So.2d 574 (1989)
Alberto ARMENTEROS and Marda Hernandez, Appellants,
v.
The STATE of Florida, Appellee.
No. 87-2969.
District Court of Appeal of Florida, Third District.
December 19, 1989.
*575 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before NESBITT and FERGUSON, JJ., and ROBERT C. SCOTT, Associate Judge.
ROBERT C. SCOTT, Associate Judge.
The defendants appeal adjudications of guilt and sentences entered following pleas of nolo contendere reserving the right to appeal the denial of their motions to suppress cocaine seized in their home. It appears that the police SWAT unit gained entry to the defendants' apartment by breaking down the front door of the residence without first knocking at the door and announcing their presence as mandated by section 933.09, Florida Statutes (1985) ("knock and announce" statute). The trial court denied defendants' motions to suppress based upon the established exception to the "knock and announce" statute which is applicable if there exists good reason to fear the destruction of evidence at the time of entry. State v. Kelly, 287 So.2d 13 (Fla. 1973); Benefield v. State, 160 So.2d 706 (Fla. 1964); Bouknight v. State, 455 So.2d 438 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985); see Berryman v. State, 368 So.2d 893 (Fla. 4th DCA 1979).
The defendants contend that the forced entry into their home violated their fourth amendment rights[1] and also violated their rights which are afforded by the cited Florida statute.
The break-in occurred after an undercover police officer advised the "break-in" officers that she had purchased a small amount of cocaine in the defendants' home. The court below heard testimony of the existence of normal residential plumbing in the premises.
It is noted that cocaine, when purchased in "user" quantities, is not found in barrels, bushels or bales. Experience tells police officers that cocaine is marketed to the consumer trade in quantities which are readily disposable in sinks or toilets. Experience also teaches that attempts are made to destroy evidence in a great majority of drug-related arrests.
We note that the break-in would have been impermissible if the contraband sought was commonly maintained in quantities not readily disposable in a residential sink or toilet.
The order denying defendants' motion to suppress is AFFIRMED.
NOTES
[1] U.S. Const., amend. IV: accord Fla. Const. art. I, § 12.