564 So.2d 1235 (1990)
STATE of Florida, Appellant,
v.
Michael Jerome BELL and Cozzie Levone Priester, Appellees.
No. 89-618.
District Court of Appeal of Florida, Fifth District.
August 2, 1990.
*1236 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellant.
Richard S. Rhodes, Orlando, for appellee, Michael Jerome Bell.
Harrison T. Slaughter, Jr. of Leventhal & Slaughter, P.A., Orlando, for appellee, Cozzie Levone Priester.
DANIEL, Chief Judge.
The state appeals from an order granting defendants' motions to suppress physical evidence seized during a search of their residence. We reverse.
On December 19, 1985, the trial court issued a warrant to the Sheriff of Orange County authorizing the search of defendants' residence for cocaine. The next afternoon the Orlando Sheriff's Department, with the aid of the Orange County S.W.A.T. Team, executed the warrant and in doing so executed a "no-knock" raid. As a result of the search, defendants were found to be in possession of over 200 grams of cocaine and a firearm.
The state charged defendant Bell with committing the offenses of delivering cocaine, section 893.13(1)(a)1, Florida Statutes (1985), possession of cocaine, section 893.13(1)(e), Florida Statutes (1985), trafficking in cocaine, section 893.135(1)(b)1, Florida Statutes (1985), and possession of a firearm by a convicted felon, section 790.23, Florida Statutes (1985). The state charged defendant Priester with committing the offense of trafficking in cocaine, section 893.135(1)(b)1, Florida Statutes (1985). Prior to trial, defendants filed separate motions to suppress the evidence which had been seized from their residence, arguing that the search of their residence was illegal because the police officers had entered without complying with the knock-and-announce rule set forth in section 933.09, Florida Statutes (1985). The trial court conducted a hearing on the motions and later entered two separate orders granting defendants' motions to suppress.
On appeal, the state asserts that it was error for the trial court to grant defendants' motions to suppress because the evidence adduced at the suppression hearing established that the Orlando Police Department properly decided to forego compliance with the knock-and-announce rule out of fear that, had they complied with the rule, the defendants would have destroyed the evidence.
Section 933.09 of the Florida Statutes (1985) sets forth the knock-and-announce rule:
933.09 Officer may break open door, etc., to execute warrant.  The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
Failure to comply with this knock-and-announce rule renders execution of a warrant unlawful unless a recognized exception to the rule is applicable to the facts of the case. In Benefield v. State, 160 So.2d 706 (Fla. 1964), the Florida Supreme Court outlined four exceptions to the knock-and-announce rule. One such exception is where those inside the residence are "engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted." 160 So.2d at 710. In Earman v. State, 265 So.2d 695 (Fla. 1972), the supreme court ruled that police officers may enter a residence unannounced when they are either actually *1237 aware or they have reasonable grounds to believe that evidence within the house will be immediately destroyed if they announce their presence. See also State v. Kelly, 287 So.2d 13 (Fla. 1973). This destruction of evidence exception to the knock-and-announce rule has been consistently recognized and upheld by our courts.
In Armenteros v. State, 554 So.2d 574 (Fla. 3d DCA 1989) the third district had for review an order denying defendants' motions to suppress cocaine which had been seized from their residence. The police had gained entry to the defendants' apartment by breaking down the front door of the residence without first knocking at the door and announcing their presence. The trial court denied the defendants' motions to suppress, concluding that there existed good reason for the police to fear the destruction of evidence at the time of entry. On appeal, the third district affirmed:
The break-in occurred after an undercover police officer advised the "break-in" officers that she had purchased a small amount of cocaine in the defendants' home. The court below heard testimony of the existence of normal residential plumbing in the premises.
It is noted that cocaine, when purchased in "user" quantities, is not found in barrels, bushels or bales. Experience tells police officers that cocaine is marketed to the consumer trade in quantities which are readily disposable in sinks or toilets. Experience also teaches that attempts are made to destroy evidence in a great majority of drug-related arrests.
We note that the break-in would have been impermissible if the contraband sought was commonly maintained in quantities not readily disposable in a residential sink or toilet.
Armenteros v. State, 554 So.2d at 575. See also State v. Johnson, 372 So.2d 536 (Fla. 4th DCA 1979); State v. Clarke, 242 So.2d 791 (Fla. 4th DCA 1970).
Here, the police officers had reasonable grounds to fear the destruction of the cocaine if they had knocked and announced their authority and purpose. Specifically, as was the case in Armenteros, the raid on defendants' house occurred after police officers obtained information that the defendant Bell was selling small amounts of cocaine from his residence and that Bell's residence contained normal residential plumbing. Since the contraband sought was maintained by defendant Bell in quantities readily disposable in a residential sink or toilet, the no-knock raid was permissible. Although mindful of the standard of review in motion to suppress cases,[1] we conclude that reversal is required in this case.
Accordingly, the orders granting the defendants' motions to suppress are reversed and this matter remanded for further proceedings.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Medina v. State, 466 So.2d 1046 (Fla. 1985); McNamara v. State, 357 So.2d 410 (Fla. 1978).