614 So.2d 564 (1993)
STATE of Florida, Appellant,
v.
Jose Luis DELASIERRA & Nicholas Rivera, Appellees.
No. 91-3027.
District Court of Appeal of Florida, Third District.
February 9, 1993.
Robert A. Butterworth, Atty. Gen. and Linda S. Katz, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Rosa C. Figarola, Asst. Public Defender, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
*565 PER CURIAM.
The state appeals from an order granting the defendants' motions to suppress physical evidence. We reverse and remand for further proceedings.
A confidential informant made two controlled buys of one gram each from an unidentified Latin male. During each of the buys, the confidential informant entered the house by himself and remained seated in the living room while the seller disappeared into the back of the house and returned with the cocaine. Based upon the buys and the information obtained from the confidential informant, the police obtained a search warrant for the house. However, the police did not know the layout of the house or who owned or rented the house.
The police and SWAT team entered the house without knocking. Upon entering, the police arrested Jose Luis Delasierra and Nicolas Rivera. In Delasierra's room, the police found a gun in plain view, a brown bag containing a plastic bag with over 28 grams of cocaine and straws with cocaine residue, and a loaded semiautomatic pistol. The trial court granted the defendants' motions to suppress the cocaine, paraphernalia, and handgun seized in the search of the defendants' residence for failure to comply with section 933.09, Florida Statutes (1989), in executing a search warrant for a residence. The state appeals.
The state contends that the trial court erred in granting the defendants' motions to suppress for failure to comply with the knock and announce rule where the police had a valid concern that the defendants would have destroyed the evidence. We agree.
The knock and announce rule, which is contained in section 933.09, Florida Statutes (1989), provides as follows:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
In Benefield v. State, 160 So.2d 706 (Fla. 1964), the court outlines four exceptions to the knock and announce rule. One important and pertinent exception is where those inside "are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted." Benefield, 160 So.2d at 710. In Armenteros v. State, 554 So.2d 574 (Fla. 3d DCA 1989) and State v. Bell, 564 So.2d 1235 (Fla. 5th DCA 1990), the defendants were selling cocaine from their residence in small amounts. Based on the fear of destruction of evidence, the courts found that a no-knock break-in was permissible. Bell, 564 So.2d at 1235; Armenteros, 554 So.2d at 574. "Experience tells police officers that cocaine is marketed to the consumer trade in quantities which are readily disposable in sinks or toilets. Experience also teaches that attempts are made to destroy evidence in a great majority of drug-related arrests." Armenteros, 554 So.2d at 575.[1]
As in Armenteros and Bell, the confidential informant, in the instant case, had purchased small quantities of cocaine from the defendants' residence. The only factual difference between Armenteros and Bell and the instant case, is that in the instant case there was no testimony as to the existence of normal residential plumbing in the premises where the raid occurred. However, throughout the record, the premises are referred to as a house or residence. Therefore, it would be reasonable to assume that the house had not been altered in anyway and that it still had normal residential plumbing.
Accordingly, based on the facts that the informant purchased small quantities of cocaine and that the police had to enter a normal residence, the police had reasonable grounds to believe that the evidence might be destroyed if they knocked and announced their authority and purpose. We *566 find that this well recognized exception to the knock and announce rule should have been applied to this case and that the trial court erred in granting the defendants' motion to suppress.
We reverse the trial court's ruling and vacate its order granting the defendants' motions to suppress evidence and remand the case for further proceedings.
BASKIN and GODERICH, JJ., concur.
HUBBART, Judge, concurring.
I have grave doubts about the constitutional validity of a rule which allows the police in all cases to forcibly enter a private dwelling to execute a search warrant for the seizure of small quantities of contraband drugs, even where there is no individualized showing that the persons inside the premises may seek to destroy the drugs if the police announce their authority and purpose. People v. Gastelo, 67 Cal.2d 586, 63 Cal. Rptr. 10, 432 P.2d 706 (1967) (Traynor, J.); 2 Wayne LaFave, Search and Seizure § 4.8(c) (1978). I agree, however, that our recent decision in Armenteros v. State, 554 So.2d 574 (Fla. 3d DCA 1989), which is binding authority on this panel, In re Rule. 9.331, 416 So.2d 1127, 1128 (Fla. 1982), compels this result. I therefore reluctantly concur in the opinion and judgment of the court.
NOTES
[1] Although evidence is destroyed in a great number of drug cases, we cannot condone police policies that encourage officers to gain forceful entry into the premises to be searched every time they hope to seize drugs. The decision to gain access through forced entry must not be made arbitrarily or in every case. On the contrary, the decision must be based on the existence of certain exigent circumstances. Such exigent circumstances were present in the instant case where the officers had reason to believe that the drugs would be destroyed.