PER CURIAM.
Candace Mense appeals her conviction for possession of cocaine. We reverse.
An undercover police officer made two controlled purchases of crack cocaine from defendant’s mobile home. Each of the two purchases was for a single rock of crack cocaine. Based on these purchases, the police obtained a search warrant. When the police executed the search warrant, they knocked, announced, and within a few seconds, entered the mobile home. They did not wait to be refused admittance, as required by the knock-and-announce statute, section 933.09, Florida Statutes (1991).[1] Inside the trailer the officers found cocaine.
Defendant moved to suppress the cocaine, arguing that the immediate entry did not comply with section 933.09, Florida Statutes (1991), and that the search was unreasonable for purposes of the Fourth Amendment. The trial- court denied the motion to suppress. In so doing, the court relied on this court’s then-existing precedent.
During the pendency of this appeal, the Florida Supreme Court decided State v. Bamber, 630 So.2d 1048 (Fla.1994). The court disapproved this court’s decisions in State v. Delasierra, 614 So.2d 564, 565 (Fla. 3d DCA 1993), and Armenteros v. State, 554 So.2d 574, 575 (Fla. 3d DCA 1989).[2]
It is evident that the entry and search in the present case do not measure up to the exigent circumstances standard set forth in Bamber. We reverse the conviction and remand with directions to grant the motion to suppress, and for further proceedings consistent herewith.
Reversed and remanded.

. 933.09. Officer may break open door, etc., to execute warrant
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.

. The trial court had relied on Armenteros.