308 So.2d 636 (1975)
The STATE of Florida, Appellant,
v.
Ulysses ENGLISH, Appellee.
No. 74-618.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Rehearing Denied March 19, 1975.
*637 Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Carr & Emory, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
The State appeals an order suppressing evidence seized as a result of a warrantless search of appellee's residence.
From information received from a reliable confidential informant together with information from an independent police investigation, detectives from the Public Safety Department concluded that a large quantity of heroin was to be distributed on the night of February 9, 1974 from one large group into several locations. A valid search warrant for the premises at 1782 Northwest 19th Street was obtained and executed at 12:30 A.M. on February 10, 1974. However, only one glassine packet of suspected heroin was found on the premises. Shortly thereafter, the same reliable confidential informant met with police detectives and informed them that the group knew their location had been penetrated and that a mass move of heroin would be made within the hour. The informant then led the police to a duplex at 300-302 Northwest 82nd Terrace, a *638 search of which (consented to by the occupant) turned up over 18,000 packets of heroin. During the search, detectives again contacted the informant who again alerted them to the fact that somebody at 1250 Northwest 66th Street also was holding a quantity of heroin which would be removed within an hour as word had been received of the earlier seizure at the 82nd Terrace location. The police detectives immediately proceeded to this location, and upon arrival they knocked on the front and back doors. Nobody answered, but sounds upstairs of feet running and commode flushings were heard. Thereupon, the police broke in the front door, ran up the stairs, and apprehended the defendant-appellee standing at the commode which contained 19 to 25 packets of suspected heroin.
In Benefield v. State, Fla. 1964, 160 So.2d 706, the Florida Supreme Court concluded that even if probable cause exists for the arrest of a person, § 901.19(1), Florida Statutes, F.S.A. (the knock and announce statute) is violated by an unannounced intrusion in the form of a breaking and entering any building, including a private residence, subject to the following exceptions: (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose; or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted. See also Earman v. State, Fla. 1972, 265 So.2d 695; Moreno v. State, Fla.App. 1973, 277 So.2d 81.
We find that pursuant to § 901.15, Fla. Stat., F.S.A., probable cause existed for the arrest of the defendant-appellee. Further, we believe that under the facts of the case sub judice, the breaking and entry of the private dwelling comes within exception "four" hereinabove. It is common knowledge that drugs packaged in small packets very easily may be flushed down toilets and drains and, in fact, such methods for the destruction of drugs frequently are resorted to. Where, as here, the evidence sought consisted of packets of heroin and where the sounds of running feet and running toilet water were very audible, it was very plausible for the police detectives to conclude under the circumstances that the toilet facilities simply were not being utilized for their normally intended purpose, but instead were being used to destroy the evidence, and thereupon break and enter the dwelling without announcement. Cf. State v. Kelly, Fla. 1973, 287 So.2d 13; Whisnant v. State, Fla.App. 1974, 303 So.2d 397.
Defendant-appellee had no constitutional right to destroy or dispose of the evidence, and no basic constitutional guarantees were violated because the police detectives succeeded in arriving at the premises more rapidly than they would have, had they complied with the statute. See State v. Clarke, Fla.App. 1970, 242 So.2d 791.
Accordingly, the order suppressing the evidence hereby is reversed and the cause remanded for further proceedings consistent herewith.
PEARSON, Judge (dissenting).
The State appeals an order suppressing evidence seized at a warrantless search of appellee's residence made during the night. I would not fault the trial judge in his finding that a warrantless search of a residence is unreasonable whenever it is predicated only upon a tip from a confidential informant and suspicious noises. See Fla. Stat. § 933.18 and see Wolff v. State, Fla. App. 1974, 291 So.2d 15, and the cases cited therein. I would affirm.