406 So.2d 1282 (1981)
Gary Leroy NANK, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2318.
District Court of Appeal of Florida, Second District.
December 11, 1981.
John Thor White, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant was charged with possession of marijuana and drug paraphernalia following the execution of a search warrant at his home. He contends on appeal that the evidence seized should have been suppressed because the officers violated Section 933.09, Florida Statutes (1979) when executing the search warrant. We agree and reverse.
The evidence was undisputed that the police officers opened an unlocked screen door and stepped into the house without first knocking and giving notice of their authority and purpose as required by section 933.09. See Benefield v. State, 160 So.2d 706 (Fla. 1964). Failure to follow this procedure renders the search illegal. This is so even where, as here, the state contended at the suppression hearing that appellant would have attempted to dispose of the contraband if the officers announced their presence, since no evidence was introduced to support this contention. State v. Collier, 270 So.2d 451 (Fla. 4th DCA 1972).
Accordingly, we hold that it was error for the trial court to deny appellant's motion to suppress. Appellant's judgment and sentence for possession of drug paraphernalia and the order placing him on probation for possession of marijuana are REVERSED and the cause REMANDED with instructions to discharge appellant.
HOBSON, A.C.J., and RYDER, J., concur.