BOARDMAN, Judge.
Lincoln National Life Insurance Company (Lincoln), defendant in the trial court, appeals from two orders in favor of plaintiffs Michael Frost and Susan Frost (the Frosts) granting the Frosts final summary judgment in the amount of $22,608.77, and taxing costs and awarding attorney’s fees. We reverse both orders.
The Frosts filed a compliant against Lincoln and ABA Industries (ABA) seeking hospitalization and continuing medical expenses under a group insurance policy issued to them by Lincoln through ABA.[1] The parties agreed on the facts, and each filed a motion for summary judgment. Lincoln’s motion was denied, and the Frosts’ motion was granted. This appeal followed timely.
The pertinent facts are: Lincoln issued a group insurance policy to ABA on April 1, 1978. Michael Frost was an employee of ABA beginning on January 22, 1979, and was covered under that policy. His wife Susan became aware of her pregnancy on or before February 3, 1979. Later, on or about June 25, she encountered a medical emergency and was admitted to the hospital, where she gave birth to a stillborn child. As a direct result of the stillbirth, Susan developed kidney failure, requiring her to be hospitalized until August 2, 1979. She also needed continuing medical treatment thereafter. Lincoln paid the Frosts the sum of $2500 under the policy and refused to pay any further expenses.
There is no contention by either party that the terms and conditions of the policy are equivocal or ambiguous.
The material provisions of the policy are:
13. “Illness” means a bodily disorder, disease, pregnancy, mental infirmity or accidental bodily injury. All bodily injuries sustained by an individual in a single accident, or an illness which are due to the same or related cause or causes will be deemed one illness. . . .

ELIGIBLE INDIVIDUALS
The individuals eligible for insurance hereunder are as follows:
1. employees who have completed the waiting period and who are actively expending time and energy of at least 30 hours per week in the employ of the *1284 Employer (herein called employees within the eligible classes), and
2. dependents of those employees who are meeting the requirements of 1. above.

WAITING PERIOD

The waiting period is three months.

PREGNANCY
Benefits for pregnancy are payable on the same basis as benefits for any other illness.
PRE-EXISTING CONDITIONS
Payment for charges incurred in connection with an illness commencing pri- or to the insured individual’s effective date of coverage is limited hereunder to a maximum of $2,500 unless the charges are incurred.
1. after a continuous period of three consecutive months ending after the effective date of coverage during which the person has received no treatment with respect to the illness, or
2. after a period of twelve consecutive months during which the person is continuously insured hereunder. (Emphasis added.)
The real question for our determination is: Did the trial court err as a matter of law in finding that because Susan’s kidney failure was manifested beyond the three-month waiting period provided' in the policy[2] she was entitled to further benefits for hospitalization and continued medical treatment? We answer the question in the affirmative.
The actual issue before the trial court was whether Susan’s kidney failure was “due to the same or related cause or causes” as her pregnancy. It is undisputed that the kidney failure was a direct result of the stillbirth, so the issue then becomes whether the stillbirth was “due to the same or related cause or causes” as the pregnancy.
There can be no doubt that the stillbirth could not have occurred had there not been a pregnancy. Nevertheless, a distinction can be made between stillbirths that are a result of the pregnancy itself and those that are caused by some external agency. Some fetuses are stillborn due to some genetic defect in the mother or the fetus, incompatibility of the fetus with the mother’s system, or inadequate prenatal care or nutrition. In these cases, we believe the stillbirth can logically be said to be due solely to the pregnancy. If Susan’s stillbirth was due to such a cause, the Frosts are precluded from further recovery under Lincoln’s policy.
On the other hand, some fetuses die as a result of external causes such as infection by a pathogenic organism (e.g., virus or bacteria) or physical trauma when absent such trauma they would have been carried to term and would have been delivered as healthy infants. A stillbirth caused by such an outside agency (an infection or an accident) is not, in our opinion, due to the same cause or causes as the pregnancy, and if such an agency was operative here, the Frosts would be entitled to further benefits under the policy.
The record before us does not disclose the cause of the stillbirth; therefore, neither party was entitled to summary judgment. Accordingly, the summary judgment in favor of the Frosts is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, A. C. J., and OTT, J., concur.

. ABA Industries is not involved in this appeal.

. It is undisputed that the policy provides that dependents of employees are not eligible for benefits until the employee completes the three-month waiting period.