FERGUSON, Judge.
Appellant entered a plea to the first four counts of a nine-count information, to wit: (1) resisting an officer with violence to his person; (2) and (3) attempted murder in the first degree; (4) shooting within an occupied dwelling. He was adjudicated and sentenced on those counts.
The case proceeded to trial on the remaining five counts: (5) unlawful possession of a firearm while engaged in a criminal offense; (6) unlawful possession of a firearm by a convicted felon; (7) possession of a controlled substance — heroin; (8) possession of a controlled substance — cocaine, and (9) possession of a controlled substance —marijuana.
Appellant raises four points by this belated appeal. We consider only one as necessary to dispose of the cause, i.e., whether the trial court erred in denying defendant’s motion to sever the charge of possession of a firearm by a convicted felon from the other offenses charged.
As to the convictions for possession of controlled substances and possession of a firearm while engaged in a criminal offense, we reverse on authority of Vazquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981), modified, 419 So.2d 1088 (Fla.1982), which holds that evidence of prior convictions is admissible on a charge of unlawful possession of a firearm by a convicted felon, but is inadmissible as to other offenses charged in a consolidated information. Failure to sever the counts was prejudicial.
The conviction for possession of a firearm by a previously convicted felon is AFFIRMED; as to the other four tried offenses, the convictions are REVERSED, and the matter remanded for further proceedings.