PER CURIAM.
This is an appeal from a judgment based on the denial of a dispositive motion to suppress, and an appeal of sentences as cruel and unusual punishment. Appellants contend that Florida’s knock and announce statute, § 933.09, was illegally violated by officers’ entry into defendants’ home, and that the imposition of mandatory minimum sentence provided by § 893.135, Florida Statutes, is violative of the Eighth Amendment to the United States Constitution as cruel and unusual punishment. We affirm.
The officers in this case did not adhere to the requirements of the knock and announce statute, § 933.09, in their search pursuant to a warrant. We find the departure was justified under the exception stated in Kelly v. State, 287 So.2d 13 (Fla.1974). The test to be applied is “whether or not there existed good reason to fear at time of entry the destruction of evidence.” In this case, the officers had actual and particularized knowledge that there were 30 to 45 small containers of heroin and cocaine in the apartment. They knew from past experience that quite often in this particular neighborhood, once police presence was known, occupants tried to flush the evidence away or destroy it with muri-atic acid. On their approach, the officers also realized they were in plain sight of the occupants. This testimony shows the officers, at the time of entry, had reason to fear the destruction of evidence. This issue is one of fact. The standard of review is whether there is competent, substantial evidence to support the trial court’s ruling.
Appellants’ argument that the officers should have knocked and announced because they saw the occupant was making no furtive gestures is without merit. There may have been and was another occupant. The only gesture necessary to destroy the evidence would have been an order to the other occupant to do so. The true import of the situation is the officer *439 saw the occupant; therefore, the occupant may have seen the officers. An exigent circumstance was created. The officers had reasonable grounds to fear the evidence would be destroyed. The trial court’s ruling should be upheld.
Affirmed.
BOOTH and WENTWORTH, JJ., concur.
ERVIN, C.J., concurs and dissents with opinion.