ZEHMER, Judge.
Appellants Burden and Dillman appeal the trial court’s denial of their motions to suppress physical evidence seized pursuant to a search warrant.[1] They contend the warrant was executed in violation of section 933.09, Florida Statutes (1981), the “knock and announce” statute. We agree and reverse.
On February 24, 1983, appellants Burden and Dillman were arrested for possession of controlled substances after a search warrant was executed at their dwelling in Jacksonville. Prior to trial, appellants moved to suppress the physical evidence seized under the warrant, alleging the warrant was executed in violation of section 933.09, Florida Statutes (1981). At the suppression hearing, detective Toohey testified that he and other law enforcement officers executed the warrant; that the main entrance to the house was a small porch (measuring eight feet by four feet) that had been enclosed to make a protected foyer with a wooden louvered door on the exterior; that based on information provided by a confidential informant prior to executing the warrant, he understood “that was not the main entrance door, it was only an outside shelter door for this porch area” and that the main entrance door was inside the foyer; that the outside door to the foyer “was always closed” and had no doorknob but “only a hole where the doorknob would be installed”; and that the house was brick but the foyer was enclosed by wood. Toohey further testified that he approached the house and entered the unlocked exterior door; that, although he neither knocked on the foyer door nor announced his presence before opening it, he did intend to knock on the door inside the foyer and announce his presence as he believed his knock on the foyer door would not be heard from the inside; and that upon opening the foyer door, he discovered the interior door to be open and observed several people sitting on two couches directly in front of the foyer, who were as “surprised to see me as I was to see them”; and that he immediately announced himself as a police officer with a search warrant. Toohey explained that his intention “was to enter the foyer so that I could knock.”
Burden and Dillman, as well as two other persons, testified that they were eating breakfast in a den in the back of the house when they noticed several cars drive up and that before anyone could reach the front room, or within thirty to forty-five seconds of the appearance of the cars, a police officer was “half-way through the house” before announcing his presence to serve a search warrant. During cross-examination of Dillman, the court asked:
THE COURT: So, in the wintertime, it’s not unusual for people to come through that, if they know you, they come there to the door and knock on the front door so that you can hear them?
THE WITNESS: Very seldom do people come through without knocking first.
The court, adopting Toohey’s version of the execution of the warrant, denied appellants’ motions to suppress upon the finding that defendants had no reasonable expectation of privacy in the foyer, “at least in the wintertime,” and that the police made a *1068 “good faith attempt” in keeping with both the spirit and the letter of the “knock and announce” statute.
The state, citing Walden v. State, 397 So.2d 368 (Fla. 1st DCA 1981), concedes that for the present there is no good faith exception to the knock-and-announce rule in Florida, but urges this point to preserve its right to appellate review of that issue. We adhere to Walden and decline to fashion such an exception.
Section 933.09 provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein. (Emphasis added.)
This statute requires that before an officer engaged in the execution of a search warrant “may break open any outer door” to enter the residence described in a search warrant, that officer must notify those within the residence of the officer’s presence by knocking or some other reasonable means and announce his authority and the purpose of his presence. State v. Collier, 270 So.2d 451, 453 (Fla. 4th DCA 1972). Since the rule specifically addresses instances where a “breaking” occurs, it is incumbent on the officer to comply with the knock-and-announce requirements where it appears that a breaking may precede the entry. State v. Manning, 396 So.2d 219 (Fla. 4th DCA 1981); State v. Clarke, 387 So.2d 980 (Fla. 2d DCA 1980). The concept of breaking is not limited to or synonymous with the use of force. Manning, citing Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968), in which the United States Supreme Court strictly construed the federal statute equivalent to section 933.09 to apply to an officer’s entry through a closed but unlocked door, quotes the following from Sabbath:
An unannounced intrusion into a dwelling — what § 3109 basically proscribes— is no less an unannounced intrusion whether officers break down a door, force open a chain lock on a partially opened door, open a locked door by use of a passkey, or, as here, open a closed but unlocked door. At 589, 88 S.Ct. at 1757.
396 So.2d at 221.
In Nank v. State, 406 So.2d 1282 (Fla. 2d DCA 1981), the trial court’s denial of the appellant’s motion to suppress was reversed because the officers opened an unlocked screen door and stepped into the house without first knocking and giving notice of their authority and purpose. Similarly, in Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981), the act of opening an unlocked screen door constituted a “breaking” within the ambit of section 901.19, Florida Statutes (1979).
In State v. Kelly, 287 So.2d 13 (Fla.1973), a detective, upon reaching the front door of the house, opened an exterior screen door and turned the knob of the front door. The door opened and the detective entered and then announced. The trial court granted the motion to suppress, finding that the warrant was not executed pursuant to section 933.09, Florida Statutes (1981). The district court of appeal affirmed, but the Supreme Court reversed and remanded for a determination of whether the fear-of-destruction-of-evidence exception would excuse the detective’s noncompliance with the statute.
The foyer in the instant case was totally enclosed and the foyer door, though slatted, did not permit a view into the foyer area itself. That the residents had every expectation of privacy in the closed foyer is indisputably confirmed by detective Too-hey’s testimony that the persons he encountered directly in front of the foyer were as surprised to see him as he was to see them. Hence, the opening of the closed door constituted a breaking. Neither the absence of a doorknob nor the door’s unlocked status relieved the officer of his obligation to knock and announce before entering. The fact that the officer did not knock on the foyer door because he relied *1069 on information supplied by a confidential informant is insufficient to relieve the officer of this duty to knock since his good faith intentions provide no exception to the statutory mandate. The record contains no suggestion that the officers entered without knocking out of fear that evidence would be destroyed. We hold that the officer’s entry in this case violated section 933.09, and reverse the denial of the motion to suppress.
REVERSED and REMANDED.
ERVIN, C.J., concurs.
BOOTH, J., dissents.

. These cases were consolidated for appellate purposes since the issues in each are identical.