484 So.2d 1297 (1986)
Juan RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2209.
District Court of Appeal of Florida, Third District.
March 4, 1986.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal from a final judgment of conviction and sentence for unlawful possession of a short-barreled shotgun entered upon a nolo contendere plea in which the defendant properly reserved for appellate review the denial of a motion to suppress. We conclude that the trial court erred in denying the motion to suppress and reverse.
The order denying the motion to suppress states the facts pertaining to the subject search as follows:
"On March 2, 1984 the Monroe County Sheriff's Department served a Search Warrant issued by this Court on defendants' apartment located in Marathon, Monroe County, Florida. The Warrant directed the officers to search for certain stolen property, to wit: a stolen semi-automatic pistol. At the time the officers arrived the officers knocked on the door (which was slightly ajar) and announced their presence. Without awaiting response, the officers then entered the premises and proceeded to search. The search uncovered first a twelve-gauge short-barreled shotgun and second a nine millimeter Berretta. After finding these weapons, the officers continued to search for cocaine which they believed to be on the property."
It is plain from the above that the police forcibly entered the defendant's apartment after announcing their authority and purpose  but before they had been *1298 denied admittance to the house. As the trial court recognized, this action plainly violated Section 933.09, Florida Statutes (1983), which provides:
"933.09 Officer may break open door, etc., to execute warrant.  The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein." (emphasis added).
This being so, the short-barreled shotgun seized while executing the warrant was, on its face, inadmissible in evidence at trial and was subject to being suppressed below. Benefield v. State, 160 So.2d 706 (Fla. 1964); Whisnant v. State, 303 So.2d 397 (Fla. 3d DCA 1974), cert. denied, 323 So.2d 273 (Fla. 1975).
The trial court, however, denied the motion to suppress on the ground that an exception engrafted on the above statute in Benefield v. State, supra, was applicable in this case, namely, that the knock and announce requirements need not be complied with where the officer's peril would have been increased had he properly announced his authority and purpose and then been denied admittance. The trial court concluded that this exception was applicable because (1) the search warrant directed the officers to search for a stolen gun, and (2) the officers had received reliable information that there was cocaine on the premises and that the purpose of the weapon was for use in protecting the cocaine. We cannot agree.
First, a search warrant, as here, which orders the seizure of a stolen gun cannot, without more, support the above-stated officer-peril exception to the knock and announce requirements of the statute. See State v. Drowne, 436 So.2d 916, 920 (Fla. 4th DCA), pet. for review denied, 441 So.2d 633 (Fla. 1983). Second, the trial court based its officer-peril findings on police deposition testimony which was not admitted at the hearing on the motion to suppress. Although the parties below agreed to allow the trial court to consult the discovery depositions to refresh the court's memory prior to ruling on the motion to suppress (the motion was taken under advisement), defense counsel specifically objected to any reliance on the above-stated police deposition concerning cocaine being on the premises, and the trial court agreed to disregard this testimony. Beyond that, the police deposition testimony in question was entirely too vague, in any event, to support the above-stated exception to the knock and announce requirements.[1] Plainly, the subject exception was inapplicable and the motion to suppress should have been granted. We have not overlooked the other arguments advanced by the state to sustain the order under review, but find them unpersuasive. See Earman v. State, 265 So.2d 695 (Fla. 1972).
The final judgment of conviction and sentence under review are reversed and the cause is remanded to the trial court with directions to grant the motion to suppress and discharge the defendant from the cause.
Reversed and remanded.
NOTES
[1] This testimony, as quoted in the order under review, is as follows:

"`... the gun was the primary target because the gun could kill a policeman and the drugs, if we found stolen property or drugs while we were searching for the gun, that would just have been, you know, that would have been something additional. But we knew we had a drug dealer supposed to be carrying a stolen gun to protect his drugs and we, I'd even warned, you know, the patrolmen to be careful if you run across these guys on the street. You stop him, just a traffic stop, you could get shot. So we was wanting to take the gun away from him.' (Deposition of Detective Barber, page 16)."