540 So.2d 920 (1989)
STATE of Florida, Appellant,
v.
Julio AVENDANO, Appellee.
No. 88-02111.
District Court of Appeal of Florida, Second District.
March 31, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. General, Tampa, for appellant.
William R. Webb of Carlson, Meissner, Webb & Crider, New Port Richey, for appellee.
PATTERSON, Judge.
Appellee Julio Avendano was charged with trafficking in cocaine in excess of 400 grams on September 18, 1987. Asserting that a Pasco County deputy sheriff failed to comply with the requirements of section 933.09, Florida Statutes (1987), Avendano moved to suppress evidence obtained from an allegedly unlawful search and seizure. After an evidentiary hearing on July 7, 1988, the trial court entered an order suppressing the cocaine and any inculpatory statements pertaining to it. We reverse.
Section 933.09 requires a police officer, in the execution of a search warrant, to announce his purpose and authority and to give the occupant enough time to voluntarily open the door before the officer may enter forcibly. Although the testimony of the officers conflicted, it is clear that they failed to allow enough time after their announcement to permit anyone inside to open the door voluntarily. Unless the facts of this case fall within an exception to the requirements of section 933.09, the trial court's ruling should be upheld.
It is not necessary for law enforcement officers to meet the section 933.09 requirements when "the officer's peril would have been increased had he demanded entrance and stated the purpose." Benefield v. State, 160 So.2d 706, 710 (Fla. 1964). Sergeant Bach testified that on the morning of the execution of the warrant a confidential informant told him that Avendano stated that he and two others in the house would be armed. Sergeant Bach was aware that Avendano's two teenage daughters would probably be inside the residence, and he believed that a delay in the execution of the warrant would result in a shooting. Detective Gardner testified that the confidential informant had provided accurate information about Avendano in the past and informed him that Avendano had stated he would be carrying a weapon. In consideration of the violence which surrounds illegal drug trafficking, it is not reasonable to *921 expect law enforcement officers to risk their lives and the lives of others when possessed of information as was present in this case. We determine that the facts of this case fall within the Benefield exception and that the officers acted within their lawful authority.
Appellee relies on several cases wherein it was held that information of firearms likely to be present on the premises did not justify the officer peril exception to section 933.09. Each of these cases is distinguishable on its facts. In Rodriguez v. State, 484 So.2d 1297 (Fla. 3d DCA 1986), the court determined that the officer's testimony was too vague to support the Benefield exception. Here, a reliable confidential informant provided information that Avendano and two others would be armed on the morning of the execution of the search warrant in case something went wrong with the planned drug deal. In State v. Drowne, 436 So.2d 916, 920 (Fla. 4th DCA), rev. denied, 441 So.2d 633 (Fla. 1983), the court found that although there was information as to firearms being present, there was nothing in the record to indicate "that a modern day Dillinger-type character was inside ready to use them." The facts of this case do not fall into that category.
Accordingly, we reverse the order granting the motion to suppress and remand for further proceedings.
THREADGILL, A.C.J., and ALTENBERND, J., concur.