ERVIN, Judge.
Appellants contest their convictions for possession of cocaine and drug paraphernalia, asserting .that because the arresting officers failed to comply with Florida’s “knock and announce” statute, their motion to suppress evidence should have been granted. We agree and reverse.
The motion to suppress alleged that appellants Smith and Roundtree were lessees of a motel room and appellant Aikens (and another woman not involved in this appeal) were their invited guests. After a phone call from the manager of the motel expressing concern about possible drug activity in the room due to the volume of phone and pedestrian traffic to the room, police officers determined, via a crime-information computer, that appellant Smith was wanted in Tampa for a bad-check charge. Five police officers then went to the door of the motel room and one of them knocked on the door, which was opened slightly in response. After one officer, to no avail, twice asked the occupants to open the door, the officers then forced the door open and entered the room. The room was searched by the officers and the items sought to be ■suppressed were found and seized.
At the hearing on the motion to suppress, Officer Dempsey testified that, based on his experience as a police officer, he believed it was possible that guns were present inside the room. Officer Dempsey stated that, due to his eleven years’ experience involving similar circumstances (an out-of-town person present for one night and illegal drug activity suspected), weapons were used about 90-99% of the time. When asked why he forcibly entered the motel room, Dempsey testified, “Fearing for my safety and the safety of the other officers, [and] the information from the motel manager[,] I felt possibly that either our safety was at stake or they were trying to conceal some contraband drugs.” Dempsey additionally testified that he did not recall if the bad-check charge was for a felony or misdemeanor. Dempsey was asked, “But you testified earlier that you took all these other people because you expected to find guns and drug activity, is that right?” He responded: “Not necessarily expected to find it. I had not been in the apartment. I didn’t know what was there.” Before entering the room Dempsey ordered the person inside to open the door, but said nothing about a warrant.
Section 901.19, Florida Statutes (1987), provides in relevant part:
Right of officer to break into building.—
(1) If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make *1103 an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
(Emphasis added.) It is undisputed that the arresting officer failed to announce his purpose when he appeared at the motel room of appellant Roundtree. Although an outstanding warrant for Roundtree existed in Tampa for a bad-check charge, the officer made no announcement of his purpose to effectuate that warrant.
Appellee argues that the trial court should be affirmed,-because the instant case involves one or more of the exceptions to the knock-and-announce requirement of section 901.19, as recognized as follows in Benefield v. State, 160 So.2d 706, 710 (Fla.1964):
(1) [W]here the person within already knows of the officer’s authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer’s peril would have been increased had he demanded entrance and stated the purpose, or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted.
Appellee argues that the officers were justified in failing to state their purpose because they either believed destruction of evidence was in progress, or believed that their peril would have been increased, or both. However, in order to support an exception on such grounds, an officer’s belief must be reasonable. See State v. Bell, 249 So.2d 748, 750 (Fla. 4th DCA 1971). Based on the facts in this case viewed in conjunction with the cases discussed below, we conclude such belief was unreasonable.
Initially, we observe that the protections of the fourth amendment extend to the lawful occupants of motel rooms to the same extent as to those in lawful possession of dwelling houses. In Sheff v. State, 301 So.2d 13, 16 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla.1976), we noted: “A hotel room or a motel room is the private dwelling of the occupant so long as he is legally there, paying the requisite rent or charge, or has made appropriate arrangements with the management for such pay-ment_ The rights and privileges guaranteed by the Constitution must be accorded with equal vigor to transient hotel guests as to occupants of private permanent dwellings. * * * A search of a guest’s room may not validly rest upon consent, or even invitation of the proprietor or manager.” (Citations omitted.) In that no issue has been raised regarding appellants’ standing to object to the alleged unlawful entry of the motel room that they occupied, they were entitled to the protections of section 901.19, which has been generally construed as requiring strict compliance. For example, in Rodriguez v. State, 484 So.2d 1297 (Fla. 3d DCA 1986), the court held that evidence seized in execution of a search warrant should have been suppressed, because, although the police announced their authority and purpose before they forcibly entered the defendant’s apartment, they neglected to wait until they had been denied admittance. Id. at 1297-98. This reversal was rendered despite “reliable information that there was cocaine on the premises and that the purpose of the weapon [the short-barreled shotgun] was for use in protecting the cocaine.” Id. at 1298. The court found that these facts did not support the officer-peril exception to the knock-and-announce requirements of the statute. Id. Again, in Hurt v. State, 388 So.2d 281 (Fla. 1st DCA 1980), review denied, 399 So.2d 1146 (Fla.1981), this court reversed a conviction for possession of more than one hundred pounds of cannabis because of the officer’s failure to knock and announce his authority before entering a warehouse. There we observed that although a warrantless search may be justified in exigent circumstances, when no attempt was made to secure a warrant and the timing of arrest did not establish an emergency situation, the requirements of the statute would not be excused. Hurt, 388 So.2d at 282.
*1104 Similarly in the present case, no exigent circumstances were shown, and the only warrant outstanding was for a bad-check charge unrelated to any drug violations. See also Hunsucker v. State, 379 So.2d 1043 (Fla. 1st DCA 1980), in which we held that an unannounced entry into premises to execute a search warrant for drugs was unjustified where the officer had no knowledge of the amount of contraband he was to search for and seize, despite articulable reasons to believe that the occupants were disposed to destroy contraband. Likewise, in the case at bar, the officers had no reasonable belief whether any amount of contraband existed to be seized from the motel room.
The cases which appellee relies upon to excuse the knock-and-announce requirement are clearly distinguishable from the case at bar. For examples, Jones v. State, 440 So.2d 570 (Fla.1983), involved an officer’s reasonable belief of increased peril due to his knowledge that one person had already been wounded by a sniper’s bullet; State v. English, 308 So.2d 636 (Fla. 3d DCA), cert. denied, 316 So.2d 287 (Fla.1975), involved probable cause to believe that the defendant possessed heroin and was in the process of destroying it; and State v. Bell, 249 So.2d 748 (Fla. 4th DCA 1971), involved an officer’s reasonable belief that a burglary was in progress; therefore, his perception of increased peril was justified. No such exigent circumstance or reasonable belief has been shown in the instant case.
For these reasons, the lower court erred in refusing to suppress the evidence seized. Therefore, appellants’ convictions are REVERSED.
SHIVERS and JOANOS, JJ., concur.