# IN RE: FORFEITURE OF NINE THOUSAND DOLLARS OF UNITED STATES CURRENCY

## Case No. 90-355 CA

Nineteenth Judicial Circuit, Martin County

January 4, 1991

### APPEARANCES OF COUNSEL

**Steven T. Greene, Esquire,** for plaintiff.

**Robert Kilbride, Esquire,** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing pursuant to Respondent's Motion to Suppress both physical and testimonial evidence. Respondent maintains that the evidence was obtained in violation of F.S. 933.09 requirements. These requirements are commonly known as the knock and announce rules.

Factually officers executed a search warrant at the respondent's home on February 17, 1990 in the early morning hours. The officers involved knew that small children were at the Mardis residence,

therefore upon their arrival a ruse was employed by the officers to lure the respondent from his home. Respondent was then arrested and an officer approached the residence's front door. The front door was open approximately four to six inches. The officer announced his office and intention and at the same time opened the door and entered the premises. It is undisputed that the terms of the warrant required compliance with the applicable statutory requirements concerning execution of warrants. Simply put this was not a "No Knock" warrant. Further the officers expressed a generalized fear of resistance and destruction of evidence. There was, however, no evidence that would suggest a particular knowledge of the respondent that would warrant a conclusion that defendant posed a threat to the officers or to evidence that might be destroyed if the statute was complied with.

At the outset the court wishes to express appreciation to counsel who so ably argued and researched their respective positions in a case that presents significant search and seizure issues. The Sheriff's initial position is that the statutory requirements in this case are not applicable because, as indicated, the door to respondent's premise was partially opened, thus entry was not forcible. In support of that conclusion counsel cites to *State v Brown,* 15 FLW D4155 (Fla. App. 2d DCA 1990), *State v Gray,* 518 So.2d 301 (Fla. App. 2d DCA 1987). The Sheriff further argues that in this instance the officer's actions did not constitute a forcible entry. Forcible entry, in this view, would be one:

> effected by force used against opposition; obtained by compulsion or violence *Offutt v Liberty Mutual Insurance,* 251 M.D. 262, 147 A.2d 272, 276

Indeed the facts of this case would seem to support such a conclusion. The officer in this case made eye contact with respondent's wife through the partially opened door at same time he announced both his office, purpose, and authority. He did not, however, await a response nor could any conclusion be made that entry would be resisted or evidence destroyed. Respondent answers petitioner's arguments by citing to *Rodriguez v State,* 484 So.2d 1297 (Fla. App. 3d Dist. 1986) and *Burden v State,* 455 So.2d 1066 (Fla. App. 1st Dist. 1984).

In *Rodriguez* an almost factually identical case, officer entered through a partially opened door after announcing their purpose and authority but not awaiting a response. The Third District found this type of entry as forcible. 484 SO.2d 1297. In *Burden,* Judge Zehmer noted that the concept of breaking as noted in the statute is not

> Limited to or synonymous with the use of force. 455 SO.2d at 1068

Thus, under the facts of the present case, at least two District Courts

194

of Appeal would characterize the entry of officers as forcible. This Court, in the absence of direction, must follow those decisions. This result is also compelled by the historical approach employed by Florida Courts in applying the statute to forced or non-consenual[sic] entries in dwellings. That approach required strict compliance with the statute in all respects by officers executing search and arrest warrants. Justice Terrell, in *Benefield v State*, 160 So.2d 706 (Fla. 1964), noted that:

> There is nothing more terrifying to the occupants than to be suddenly confronted in the privacy of their home by a police officer decorated with guns and the insignia of office. This is why the law protects its entrance so rigidly. ID. at 709.

As indicated earlier there is no competent evidence in the present case that would support any conclusion that compliance with the statute was unnecessary in the present case.

This Court is not unmindful of or unsympathetic to the physical danger officers now confront in these types of situations. It could well be argued that the legislature should revisit this area of law. This is especially true when the answer to the officers' announcement may well be violent and lethal. A Court is, however, obligated to apply the law and not revise it. Revision is the function and domain of the legislature.

Based on the foregoing discussion, the Motion to Suppress is in all respects granted.

DONE AND ORDERED this 4th day of January, 1991, in Chambers at Stuart, Martin County, Florida.