596 So.2d 782 (1992)
Gerald Wayne NAPOLI, Appellant,
v.
STATE of Florida, Appellee.
No. 90-621.
District Court of Appeal of Florida, First District.
March 11, 1992.
Rehearing Denied April 22, 1992.
*783 William J. Dorsey, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Gerald Wayne Napoli, was convicted of trafficking in cocaine, sale or delivery of cocaine, and racketeering and sentenced as an habitual felony offender. He contends that the trial court erred by (1) admitting evidence gathered during a warrantless search and seizure, (2) denying his motions to dismiss and for judgment of acquittal relating to the racketeering count, (3) denying his motion for severance of the three counts, (4) denying his motions to dismiss and for judgment of acquittal based on an entrapment caused by the state's use of a confidential informant, (5) admitting hearsay testimony, and (6) improperly sentencing him as a habitual felony offender. We affirm in part, reverse in part, and remand for further proceedings.
Appellant's first issue involves the propriety of admitting evidence seized during a search and seizure conducted by the police in the absence of compliance with Section 901.19(1), Florida Statutes (1987), the "Knock and Announce" statute.[1] Florida law is clear that once this statute is violated, all evidence seized as a result of the ensuing search must be excluded. Benefield v. State, 160 So.2d 706, 711 (Fla. *784 1964). Compliance with the statute is not required, however, when certain exigent circumstances exist. Id. at 710. Examples of exigent circumstances include:
(1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose, or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted. Time and experience will no doubt suggest exceptions... .
Id.
An additional exception has been recognized when "the evidence sought to be suppressed consists of relatively small amounts of disposable contraband and shows that the officers had reason to fear at time of entry the destruction of that evidence." State v. Kelly, 287 So.2d 13, 16 (Fla. 1973). See also Earman v. State, 265 So.2d 695, 697 (Fla. 1972) (stating exception but declining to apply it under circumstances presented).
We find the search at bar justified based on the exception recognized in Kelly. In so saying we note the test to be applied in such circumstances is whether there existed good reason to fear at the time of entry the destruction of evidence. Bouknight v. State, 455 So.2d 438, 438 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985). This question is one of fact, and the standard of review is whether there is competent, substantial evidence to support the trial court's ruling. Id.
The record discloses that a confidential informant was outfitted by the police with a transmitting device. The informant called appellant to arrange the purchase of one and one-half ounces of cocaine, and was directed by appellant to come to his home. Upon the informant's entry into appellant's home, the police continually monitored the conversation, during which appellant told the informant that he had the cocaine inside his house. By previous arrangement, the informant signaled the police that the cocaine was present in the house by leaving appellant's home, obtaining marked money from the trunk of his car, and returning to the house. Following the informant's reentry therein, the informant was heard to be counting the money while appellant was weighing the cocaine. The police entered the house without knocking or announcing their presence, and arrested appellant while he was in a bedroom weighing the cocaine. An unidentified person, a friend or associate of appellant's, was also present on the front porch of the house during the entire transaction.
Under the circumstances, the person on the porch could have warned appellant during the time it would have reasonably taken the officers to comply with the statute, resulting in the probable destruction of the small amount of cocaine which was in fact seized. Additionally, the police officers involved testified, based on their experience, that drug dealers usually attempt to destroy cocaine upon the officers' arrival. The forgoing constitutes competent, substantial evidence supporting a determination that the officers possessed good reason to fear that the small amount of cocaine involved would be destroyed at the time of entry had they complied with the Knock and Announce statute. Because exigent circumstances existed to justify departure from the statute, we affirm the trial court's denial of appellant's motion to suppress and find no error in the admission of the seized evidence at the trial. Bouknight.[2]
*785 Appellant's second issue, wherein he alleged that the trial court erred by denying his motions to dismiss and for judgment of acquittal regarding the racketeering count, requires reversal. Among the bases raised by appellant in these motions was that the facts failed to establish the "enterprise" element of the racketeering offense.[3]
The amended information, in fact, alleged:
[T]hat GERALD WAYNE NAPOLI on or between the 14th day of June, 1985, and the 16th day of March, 1989, in the County of Duval and the State of Florida, did unlawfully conduct himself as an enterprise or associate with an enterprise, to wit: GERALD WAYNE NAPOLI, an individual, and did conduct or participate directly or indirectly in such enterprise through a pattern of racketeering activity... .
Recently, in Wilson v. State, 596 So.2d 775 (Fla. 1st DCA 1992), this court held that because there was no attempt made by the state to establish that appellant and the informant or any other person comprised the alleged enterprise, "it [could not] be said that an `association' has occurred."[4]Id. at 781 (footnote omitted). The same deficiency is present in the case at bar. Therefore, the trial court erred by failing to dismiss the racketeering charge, and the conviction and sentence therefor must be reversed and appellant discharged as to such offense.[5]
Appellant's third issue pertains to the trial court's denial of his motion to sever the three charged offenses from being jointly tried. The amended information charged appellant with trafficking in cocaine on March 16, 1989, sale or delivery of cocaine on or between February 23 and March 9, 1989, and racketeering on or between June 14, 1985 and March 16, 1989. The racketeering charge, which alleged the two other charges, trafficking and sale or delivery, as two of the three predicate offenses, was the linchpin in the information.
Because, however, we have concluded that the racketeering count should have been dismissed, the essential underpinning which connected those three charges has now been removed, and it cannot be said that the two remaining charges are related in an episodic sense. See Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting), quashed, 385 So.2d 1371 (Fla. 1980) (adopting J. Smith's dissent). Rather, they would be joined solely on the ground that they were of the same or similar character, which is improper. See Boyd, 578 So.2d at 723. Thus, because of our disposition of the racketeering charge, severance of the remaining charges is required. The trial court is therefore directed on remand to sever the two remaining charges and to afford appellant a new trial on each charge.
The fourth point raised by appellant concerns whether the use of a confidential informant under the circumstances constituted entrapment, thereby requiring dismissal of the trafficking charge. Because the record contains sufficient evidence tending to show that appellant was predisposed to commit the crime, he was not entitled to dismissal based upon entrapment. See § 777.201, Fla. Stat. (1987); Herrera v. State, 594 So.2d 275, 276-77 (Fla. 1992) (absence of predisposition is essential element of entrapment defense); Cruz v. State, 465 So.2d 516, 521 (Fla. 1985) *786 (question of predisposition is for the jury to decide), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Moreover, the conduct of the law enforcement officers here was not so offensive that due process principles would absolutely bar the government from invoking the judicial process to obtain a conviction. See State v. Hunter, 586 So.2d 319, 321 (Fla. 1991) (finding no due process violation and resolving case on entrapment defense). Cf. State v. Glosson, 462 So.2d 1082 (Fla. 1985) (finding constitutional due process violation in state's use of informant). Consequently, we find no error in the denial of appellant's motions to dismiss and for judgment of acquittal under an entrapment argument.
Turning to the fifth point, appellant contends that the trial court erred by admitting hearsay testimony concerning an alleged prior conviction of appellant. This testimony was offered solely to prove the June 1985 drug sale as one of the predicate acts to support the racketeering charge. Because of resolution of the racketeering count, it is therefore unnecessary to consider this point. We nonetheless emphasize that the state must present evidence of more than mere identity between the name on the prior judgment and the name of the defendant for the prior judgment to be admissible. Sinkfield v. State, 592 So.2d 322 (Fla. 1st DCA 1992) (on rehearing); Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991). More importantly, we note that the Florida Evidence Code, unlike its federal counterpart, has no hearsay exception allowing the admission of prior convictions in subsequent litigation to prove an essential element of the convictions. 1 Charles W. Ehrhardt, Florida Evidence § 803.22a (1984). See also State v. Dubose, 152 Fla. 304, 11 So.2d 477 (1943).
Appellant's final issue attacks the habitual felony offender sentences imposed. Because of our direction that all of appellant's convictions be reversed, any issue regarding propriety of habitual offender sentencing is moot. We nonetheless direct the trial court's attention to Burdick v. State, 594 So.2d 267 (Fla. 1992), which recently held that sentencing under Section 775.084, Florida Statutes (1989), is permissive, not mandatory.
AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent with this opinion.
JOANOS, C.J., and MINER, J., concur.
NOTES
[1] Section 901.19(1) provides:

If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
[2] Because we hold that exigent circumstances existed to justify the police's action, we deem it unnecessary to consider the exception to the Knock and Announce statute applied to undercover police officers and confidential informants and announced in State v. Hume, 512 So.2d 185 (Fla. 1987), State v. Fernandez, 538 So.2d 899 (Fla. 3d DCA 1989), and Calta v. State, 546 So.2d 463 (Fla. 1st DCA 1989).
[3] See §§ 895.03 & 895.02(3), Fla. Stat. (1987); and Boyd v. State, 578 So.2d 718, 721 (Fla. 3d DCA) (reciting elements of racketeering offense, including enterprise), review denied, 581 So.2d 1310 (Fla. 1991).
[4] In Wilson, the amended information charge[d] "that appellant, Alexander Christopher Wilson, `was associated with an enterprise, to-wit: Alexander Christopher Wilson, ... and that the said Alexander Christopher Wilson ... did conduct or participate directly or indirectly, in the affairs of the said enterprise through a pattern of racketeering activity... .'" Wilson, 596 So.2d at 780 n. 3.
[5] Because of our resolution of the enterprise issue, it is unnecessary to reach appellant's argument regarding the "pattern of racketeering activity" element.