ERVIN, Judge.
Appellant, Eugene Monson, raises three issues in this appeal. The first challenges his conviction for possession of a firearm by a convicted felon, the second challenges the trial court’s ruling on his motion to sever, and the third is a sentencing issue.
As to the first issue, we" hold that the trial court erred by denying appellant’s motion for judgment of acquittal on the charge of possession of a firearm by a convicted felon, because the state failed to prove a prima facie case in that it did not present any affirmative evidence that the person named in the certified armed robbery judgment was appellant. See Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991); Sinkfield v. State, 592 So.2d 822 (Fla. 1st DCA 1992); Miller v. State, 573 So.2d 405 (Fla. 2d DCA 1991). Appellant’s conviction is therefore reversed.
As for the second issue, we hold that the trial court erred by denying appellant’s motion to sever the firearm possession charge from the charge of possession of cocaine. “Although the granting of a motion to sever is discretionary, if one of the several charges to be tried is convicted felon in possession of a firearm, severance should be granted.” Fox v. State, 543 So.2d 340, 341 (Fla. 1st DCA 1989). Accord Vazquez v. State, 419 So.2d 1088 (Fla.1982); Thomas v. State, 440 So.2d 581 (Fla.1983); Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983); Riley v. State, 434 So.2d 3 (Fla. 3d DCA 1983); Smith v. State, 434 So.2d 18 (Fla. 5th DCA 1983). We therefore reverse appellant’s conviction for possession of cocaine and remand for new trial.
The judgment and sentences are reversed and the cause is remanded to the trial court with directions that appellant be discharged as to the charge of felon in possession of a firearm and a new trial be provided for the drug-possession charge. Because of our disposition of the first two issues, it is unnecessary to consider appellant’s sentencing issue.
REVERSED and REMANDED for further proceedings.
JOANOS and WOLF, JJ., concur.