PER CURIAM.
Alexander M. Albritton appeals the judgments and sentences against him for first degree murder, attempted robbery with a firearm and conspiracy to commit robbery. He urges: (1) that the’ trial court erred in denying his motion to suppress his confession *1116 on the ground that it was not knowing, intelligent and voluntary; (2) that the trial court erred in denying appellant’s motion to suppress evidence on the ground that the evidence was obtained in violation of Florida’s “knock and announce” rule; (3) that the trial court abused its discretion in denying appellant’s motion to dismiss the charges against him or to exclude codefendant testimony on the ground of prosecutorial misconduct; and (4) that the trial court abused its discretion by allowing the jury to again hear appellant’s taped confession after deliberations had begun. We affirm, writing only to explain our application of Florida’s “knock and announce” statute to this appeal.
On January 25, 1990, at about 11:25 p.m., a police SWAT team converged on the home of appellant Alexander Albritton with a search warrant and an order to pick up appellant. The front entrance of the home was guarded by a main wooden door and an outer screen door, both of which were locked. Officer Reddick testified that he stepped onto an open porch and knocked on the outer screen door twice, 10 to 15 seconds apart, without hearing any response from inside. Anticipating the need for a forced entry, Reddick pushed through the screen, reaching through to unlatch the screen door. Reddick then opened the screen door and knocked on the inner wooden door. Mrs. Albritton, appellant’s mother, answered the door. Officer Reddick identified himself and his team as members of the Gainesville Police Department and announced that he had a search warrant. Mrs. Albritton then attempted to shut the door in Reddick’s face, at which point Reddick and the others burst through the door and entered the home.
Officer Zenuch was positioned at the rear of the house. Zenuch testified that when he heard the SWAT team enter the residence he broke a rear window as a means of distracting the occupants and protecting the entering officers. Officers Reddick and Reiker said they heard the breaking glass after they entered the house. Officer Jempson was in possession of the search warrant, and entered the house after it was secured. Jemp-son testified that no search was conducted until the search warrant had been read to the Albrittons, who were by then handcuffed and sitting in the living room. Shortly thereafter, Lieutenant Morrow read the pickup order to appellant. The search produced a firearm which later proved to be the murder weapon. Appellant was taken to the police station where, in the presence of his father, his confession to the murder for which he was convicted was recorded for trial.
On appeal, appellant contends that the police officers involved violated the “knock and announce” statute in two ways. First, appellant argues that the police officers broke the glass in the rear of the home prior to the announcement of the officers’ authority and purpose. We reject this argument for, as demonstrated by the above facts, there exists competent, substantial evidence to support the trial court’s determination that the glass was broken only after the officers had entered the home. Next, appellant maintains that the officers violated the statute by breaking the screen and opening the outer screen door prior to the announcement of the officers’ authority and purpose. In this regard, the trial court found that the officers did, indeed, break through the screen and unlatch the outer screen door prior to the announcement of their authority and purpose, but that in doing so, there was no attempt by the officers to actually enter the house, and that the officers then knocked on the inner wooden door, announcing their authority and purpose. The trial court found these actions did not constitute a violation of the statute. We agree.
Section 933.09, Florida Statutes (1989), provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
Under Florida law, the “knock and announce” statute is subject to four exceptions: (1) where the persons within already know of the officers’ authority and purpose: (2) where officers are justified in the belief that persons within are in peril; (3) if the officers’ peril would be increased if they had demand *1117 ed entrance and stated their purpose; (4) where officers are justified in the belief that an escape or destruction of evidence is being attempted. State v. Bamber, 630 So.2d 1048, 1053-55 (Fla.1994) (citing Benefield v. State, 160 So.2d 706 (Fla.1964)). In the present case, we do not consider whether any of the enumerated exceptions apply, for at trial and on appeal the state steadfastly contends that no violation of the statute occurred.
In determining whether the statute was violated, we are guided by the Florida Supreme Court’s interpretation of a substantially similar statute, Section 901.19(1), Florida Statutes. In Benefield, supra, the supreme court found that even if there exists probable cause for the arrest of a person, the statute is violated by an “unannounced intrusion in the form of a breaking and entering any building, including a private home,” except where the specified exceptions apply. Benefield v. State, 160 So.2d at 710 (emphasis added). Thus, actual entry into the premises is a necessary element for proving a violation of the statute. In the present case, the officers broke through the screen and unlatched the screen door merely to provide access to the inner wooden door so as to facilitate entry into the premises in the event that a forced entry became necessary. As the “breaking” did not permit entry into the home, the statute was not violated.
We take care to point out that our interpretation of the statute and its application to the present circumstances is not inconsistent with State v. Robinson, 565 So.2d 730 (Fla. 2d DCA 1990), review dismissed, 574 So.2d 143 (Fla.1990), wherein it was held that, as a matter of law, the opening of an unlocked screen door is a breaking which invokes the due notice requirements of Section 933.09, Florida Statutes (1987). Robinson, and the cases cited therein,[1] all involve instances where the breaking of the screen door permitted immediate entry into the structure because the inner door was open or there was no inner door.
Once having opened the outer screen door, the officers knocked on the inner wooden door. Appellant’s mother opened the door. At that point the officers announced their authority and purpose, but appellant’s mother refused to permit entry. In knocking and announcing at the inner wooden door, the officers complied with the statutory requirements, and were justified in forcing their way through the door.
Moreover, even were we to conclude that the officers had violated the “knock and announce” statute, such would not have compelled the suppression of either appellant’s confession or the weapon seized. With respect to appellant’s confession, we observe that New York v. Harris, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990), held that where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the use of a statement made outside the suspect’s home, even though the statement follows an arrest made in the home in violation of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Pay-ton earlier held that the Fourth Amendment prohibits the police from effecting a warrant-less and nonconsensual entry into a suspect’s home in order to make a routine felony arrest. Nonetheless, the Supreme Court reasoned that because Harris was lawfully detained even after the unlawful (warrantless) entry, exclusion of the arrestee’s station house confession was not required by the Fourth Amendment because such confession was not the product of the unlawful entry. In the present case, assuming arguendo that a “knock and announce” violation constitutes a Fourth Amendment violation similar to a Payton violation, there is no reason why appellant’s voluntary police station confession should have been suppressed.
We turn now to the question whether the gun seized in appellant’s home should have been suppressed. First, Harris also permits the admission of the gun seized in appellant’s home. Assuming a violation of the “knock and announce” statute, it can be *1118 said with certainty that seizure of the gun was not the product of the illegality (breaking of the screen door). All that was gained by the breaking of the screen door was access to the inner wooden door, at which time the officers complied with the “knock and announce” statute. Alternatively, the seized weapon was properly admitted into evidence on the authority of Brown, v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), and its progeny. Brown v. Illinois stands for the proposition that the “indirect fruits of an illegal search or arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality.” Harris, 495 U.S. at 19, 110 S.Ct. at 1643. Although the rule articulated in Brown v. Illinois is typically applied to determine the admissibility of a suspect’s statement or confession, there is no apparent reason why the rule should not apply to determine the admissibility of tangible evidence such as a gun. In fact, in determining the admissibility of seized contraband, the United States Supreme Court in United States v. Leon, 468 U.S. 897, 911, 104 S.Ct. 3405, 3414, 82 L.Ed.2d 677, 690-691 (1984), noted that the Brown v. Illinois analysis is used to determine the point at which the illegal taint is sufficiently dissipated so as to vitiate the underlying reasons for the application of the exclusionary rule. In the present case, the officers gained nothing by the (assumed) illegal breaking of the screen door except access to the inner wooden door. Because the “knock and announce” statute was observed prior to entry through the inner door, we find that the officers’ observance of the statute at that point dissipated any illegal taint to such an extent that the seizure of the gun did not bear a sufficiently close relationship to the underlying illegality.
AFFIRMED.
MINER, KAHN and LAWRENCE, JJ., concur.

. See Nank v. State, 406 So.2d 1282 (Fla. 2d DCA 1981); Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981); Burden v. State, 455 So.2d 1066 (Fla. 1st DCA 1984), review denied, 464 So.2d 556 (Fla.1985); Boueknight v. State, 455 So.2d 438, 439 (Fla. 1st DCA 1984) (Ervin, C.J., concurring and dissenting), review denied, 461 So.2d 113 (Fla.1985).