HARRIS, J.
Stovall was convicted of armed escape, battery upon a law enforcement officer, depriving an officer of means of protection or communication, three counts of aggravated assault upon a law enforcement officer, three counts of armed kidnaping, two counts of aggravated assault, and possession of a firearm by a convicted felon. The charges arose from an incident in which Stovall, after being taken to Halifax Hospital after he attempted to ingest drugs during a sting operation, escaped from the officer guarding him after throwing medication in her face and striking her and taking her firearm and walkie-talkie. He then took hostages. During the hostage situation, Stovall pointed the firearm at other officers.
We affirm Stovall’s convictions except for the count of possession of a firearm by a convicted felon. Although the state introduced a certified copy of a prior conviction of “Paul O’Neil Stovall” over Stovall’s objection as to predicate, there was no showing that defendant was the Stovall referred to in the judgment of conviction received in evidence.
As held in Killingsworth v. State, 584 So.2d 647, 648 (Fla. 1st DCA 1991):
As part of its prima facie case in a prosecution for possession of a firearm by a convicted felon, the state must prove that the defendant has previously been convicted of a felony. To do this, the state must prove the historical fact of a prior felony conviction and the identity of the defen *1010 dant as the perpetrator. (Citation omitted.) Although the historical fact of a prior felony conviction can be proved by introducing a certified copy of a prior felony judgment (citation omitted), mere identity between the name appearing on the prior judgment and the name of the defendant on trial does not satisfy the state’s obligation to present affirmative evidence that they are the same person ... Because the certified copy of the judgment introduced in the trial below was the only evidence offered by the state to prove that the appellant was a convicted felon, the appellant’s identity as the person named in the judgment was never satisfactorily proved in the state’s case in chief ... Therefore, the trial court erred in denying the appellant’s motion for judgement of acquittal on the count charging him with possession of a firearm by a convicted felon.
Such is the case before us; we therefore reverse on the authority of Killingsworth.
Stovall also urges the trial court erred in making his habitual offender sentences run consecutively. See Hale v. State, 630 So.2d 521 (Fla.1993). Because of our holding in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA), rev. granted, 718 So.2d 169 (Fla.1998), we do not consider the issue.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
COBB and GOSHORN, JJ., concur.