853 So.2d 544 (2003)
Joe T. MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0523.
District Court of Appeal of Florida, First District.
August 29, 2003.
*545 Nancy A. Daniels, Public Defender; Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Joe T. Mason brings this direct appeal from conviction and sentence for violating section 790.23(1)(d), Florida Statutes (Supp.1998), which outlaws possession of a firearm by a person who has been found "guilty of an offense that is a felony in another state...." We reverse.
The state introduced two documents to prove that appellant was a convicted felon when he possessed a firearm: Judgment and Sentence on Plea of Not Guilty (Judgment) dated February 21, 1985, and the antecedent Indictment, both filed in Carlisle County, Kentucky, and both styled "Commonwealth of Kentucky v. Joe Mason." Neither document contained fingerprints, a middle initial, or any other means of identifying appellant as the Kentucky convict.
After the state rested, the defense moved for judgment of acquittal on grounds that "the state has failed to prove to the jury the fact that Mr. Mason is a convicted felon. There's no ... identifiers linking the prior conviction to Mr. Mason." The trial court denied the motion, and we now review that ruling. At issue is the sufficiency of the evidence, not its legal weight. See generally State v. Brockman, 827 So.2d 299 (Fla. 1st DCA 2002). "[A]n order on a motion for a judgment of acquittal is reviewed by the de novo standard." Jones v. State, 790 So.2d 1194, 1196 (Fla. 1st DCA 2001).
The trial court's denial of the motion for judgment of acquittal was error. See Stovall v. State, 727 So.2d 1009, 1009-10 (Fla. 5th DCA 1999) (reversing conviction for possession of firearm by a convicted felon because a certified copy of a prior felony conviction with defendant's name on it did not establish the defendant's identity as the perpetrator); Monson v. State, 627 So.2d 1301, 1302 (Fla. 1st DCA 1993) ("[T]he trial court erred by denying appellant's motion for judgment of acquittal on the charge of possession of a firearm by a convicted felon, because the state failed to prove ... that the person named in the certified armed robbery judgment was appellant."); Napoli v. State, 596 So.2d 782, 786 (Fla. 1st DCA 1992) ("We ... emphasize that the state must present evidence of more than mere identity between the name on the prior judgment and the name of the defendant for the prior judgment to be admissible."); Sinkfield v. State, 592 So.2d 322, 323 (Fla. 1st DCA 1992) ("[M]ere identity between the name appearing on the prior judgment and the name of the defendant on trial does not satisfy the state's obligation to present affirmative evidence that they are the same person.... Sinkfield's conviction for possession of a firearm by a convicted felon must be reversed, and Sinkfield discharged."); Killingsworth v. State, 584 So.2d 647, 648 (Fla. 1st DCA 1991) (holding trial court erred in denying motion for judgment of acquittal on possession of a firearm by a convicted felon charge, where the only evidence offered to prove defendant was a convicted felon was a certified copy of a judgment containing the defendant's name).
*546 The state argued here and below that "the Kentucky judgment contained appellant's name, date of birth, and social security number." This misstates the record. Neither the Judgment nor the Indictment contains appellant's middle initial, date of birth or social security number. What does contain appellant's middle initial, date of birth and social security number is the clerk's Certification of Records, certifying that the Kentucky Judgment and Indictment are true and correct copies of the originals. A Certification of Records dated December 10, 2001, was available at the time of trial.
The extraneous information in the Certification of Records was not, however, offeredand would not have been admissibleas substantive evidence. See Charles W. Ehrhardt, Florida Evidence § 902.5, at 929 (2003 ed.) ("If the officer's certification contains matter extraneous to the authentication of a document, it is hearsay and is inadmissible unless an exception applies."); U.S. v. Stone, 604 F.2d 922, 925 (5th Cir.1979) ("When an ex parte affidavit presents evidence beyond the simple authentication requirements ... the extraneous portions of the affidavit constitute inadmissible hearsay...."); U.S. v. Stout, 667 F.2d 1347, 1352-53 (11th Cir.1982) (reversing convictions because, apart from the inadmissible portions of two National Firearms Registration and Transfer Record certifications, the evidence was insufficient). The trial court explicitly found, regarding the Certification of Records attached to State's Exhibit No. 8, that "the only thing that it adds is certification of court records."
When copies of the Judgment and Indictment were originally furnished to the defense, no certification accompanied them. Signed later by a clerk in Kentucky, the Certification of Records relied on at trial is dated the day of trial. It arrived by facsimile transmission and was objected to on grounds, among others, of surprise. As far as the record before us reveals, the middle initial, date of birth and social security number that appear on the Certification of Records might as well have come from somebody in Florida as from the records of the Circuit Court in Carlisle County, Kentucky, generated more than fifteen years earlier when a Joe Mason was prosecuted there.
While the Certification of Records did not come in evidence itself, it did serve as predicate for admission of the Judgment and Indictment. But the Judgment and Indictment do not contain the requisite identifiers for linking appellant to the Kentucky convict. See, e.g., Stovall, 727 So.2d at 1009-10; Napoli v. State, 596 So.2d at 786; Sinkfield v. State, 592 So.2d at 323. Under the cases, the state's evidence was insufficient to establish the essential element of appellant's prior conviction of a felony, and the trial court erred accordingly in denying appellant's motion for judgment of acquittal at the close of the state's case-in-chief. See, e.g., Monson v. State, 627 So.2d at 1302; Killingsworth, 584 So.2d at 648.
Reversed.
WOLF, C.J., and ERVIN, J., Concur.